WORTHEN BUTTON *v.* W. G. KNIGHT.

May Term, 1921.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed November 1, 1921.

*Alienation of Affections—Evidence—Complaints by Wife of Husband's Treatment—Record Construed to Support Trial Court's Rulings—Opinion Evidence—Argument of Counsel —Inference Drawn from Failure of Witness to Testify— Witness Presumed Favorable to Party Calling Him—Exemplary Damages—Interference With Reconciliation.*

1.  In an action for alienating the affections of plaintiff's wife, complaints made by the wife of the plaintiff's conduct toward her while they were living together and before the defendant had interfered with their relations, but not afterwards, are admissible in behalf of the defendant.

2.  The Supreme Court must construe the record in a way to support the trial court's rulings, if it can reasonably be done.

3.  Evidence of complaints by plaintiff's wife of his conduct toward her, unlimited as to time, was properly excluded.

4.  Testimony by the wife's mother that she had seen no improper conduct between her daughter and the defendant would have been admissible if she had first stated, so far as practicable, the facts and circumstances on which such conclusion was based.

5.  Argument by plaintiff's counsel that the route taken by the wife in going from her house to the defendant's on a certain occasion took her out of sight of the neighbors was justified by evidence that such route was out of sight of the only neighbors mentioned for much, if not all, of the way.

6.  Where an incorrect statement by counsel in argument was modified on exception being taken, and no exception was taken to the modified statement, there was no error.

7.  A statement in argument not justified by the evidence will not warrant a reversal unless it is made to appear that the excepting party was harmed by it.

8.  The mother of plaintiff's wife who testified for the defendant was not, in a legal sense, equally available to the plaintiff as a witness, and it was not error to permit his counsel to ask the jury to draw an adverse inference from her failure to testify to a certain important fact.

9.  The presumption is that a witness is more favorable to the party calling him than to the other, and one is not bound to invade "the camp of the enemy" for evidence.

10.  An adverse inference arises from the failure of the party calling a witness to question him on a particular matter within the witness' knowledge, although the evidence would be merely corroborative of that of another witness for the same party.

11.  The nature of an action for alienating the affections of plaintiff's wife is such as to justify exemplary damages in most, if not all, cases, and an instruction authorizing such damages was proper where there was evidence to show that defendant's acts were deliberate, intentional, and persistent, and were carried

out under circumstances of aggravation and in wanton dis-
regard of plaintiff's marital rights.

12.   Evidence tending to show that defendant's attentions to plaintiff's
      wife resulted in her leaving her husband, and, with full knowl-
      edge of the situation, were persisted in thereafter under cir-
      cumstances indicating an improper intimacy, was sufficient to
      warrant the court's charge on the subject of defendant's inter-
      ference with a reconciliation between plaintiff and his wife.

ACTION OF TORT for the alienation of the affections of the
plaintiff's wife. Plea, the general issue. Trial by jury at
the September Term, 1919, Washington County, Butler, J., pre-
siding. Verdict and judgment for the plaintiff. The defendant
excepted. The opinion states the case.

J. Ward Carver and F. L. Laird for the defendant.

Alland G. Fay for the plaintiff.

POWERS, J.   As submitted to the jury, the case charges the
defendant with alienation by enticement. The verdict was for
the plaintiff, and the defendant alleges error.

[1-3]   Mrs. Haywood, the mother of Mrs. Button, wife of the
plaintiff, was a witness for the defendant. After testifying that
she had visited at her daughter's at different times, she was asked
in direct examination if Mrs. Button had complained to her of
the plaintiff's conduct toward her. Upon plaintiff's objection,
the question was excluded, and an exception saved.

It had appeared that Mrs. Button left her husband in
October, 1917, and never returned to him. The plaintiff claimed
that her action was the result of the defendant's influence over
her. The defendant claimed that she left the plaintiff on ac-
count of his misconduct.

It is quite probable that the examining attorney intended
the question under consideration to refer to the occasions when
Mrs. Haywood was visiting her daughter, as she had just testified,
and that these visits were at a time when Mr. and Mrs. Button
were living together, and before the defendant had interfered
with their relations. If so, the question would relate to ad-
missible matter. Fratini v. Caslini, 66 Vt. 273, 29 Atl. 252, 44
A. S. R. 843. But this does not affirmatively appear. The ques-

tion was not limited to that time.  The ruling was in plaintiff's favor, and we must construe the record in a way to support it, if it can reasonably be done.  The question, then, was unlimited as to time, and inadmissible.  As shown by the case just cited, complaints of this character made after the trouble over or relations with the defendant began are to be excluded.

[4]    The same witness testified that Mrs. Button had lived with her since she left her husband, and that the defendant had made his home there during a part of that time.  She was asked if she had seen any improper conduct between her daughter and the defendant, and replied that she had not.  An objection being then made, the court ruled that the question was improper, as calling for the conclusion of the witness, and that the evidence might be "left out," which counsel treat as meaning that the answer be stricken out.  While, in a way, the question called for the witness' opinion, since it involved her construction of the conduct of the parties, it comes within the exception of the rule excluding opinion evidence.  It cannot be distinguished from the evidence involved in *Re Clogston's Est.,* 93 Vt. 46, 106 Atl. 594, wherein we held that one might testify that he never saw a designated person misuse or abuse another, or other examples of this class of testimony collected in *State* v. *Felch,* 92 Vt. 477, 105 Atl. 23.  Nevertheless, the ruling under consideration was not erroneous.  No foundation for this evidence was laid.  *Fowlie's Admx.* v. *McDonald, Cutler & Co.;* 82 Vt. 230, 72 Atl. 989. While such testimony is not the statement of an opinion in a full sense of the term, and in many cases partakes largely of the character of a statement of fact, it is treated like an expression of an opinion by a lay witness, and a foundation must first be laid. Judge PECK correctly says, in *Bates* v. *Sharon,* 45 Vt. 474, that in the circumstances there specified the witness is allowed to *add* his conclusion, judgment, or opinion.  The requirement of the rule that, before such evidence is receivable, the witness must state, so far as practicable, the facts and circumstances on which he bases his conclusion, is expressly recognized in *Re Clogston's Will, supra,* for this was assumed in support of the ruling under review.  Such facts and circumstances, be they few or many, must first be testified to by the witness.  *Hathaway's Admr.* v. *National Life Insurance Co.,* 48 Vt. 335.

[5]    It appeared that at the time the trouble between the Buttons culminated, D. M. Cutler and his wife lived just across

the road from the plaintiff's house, and that the defendant's buildings were a few rods below on the same side of the road as the plaintiff's, and in plain sight from the Cutler place; that on a certain occasion, Mrs. Button went to the defendant's place, and, instead of going down the road, she went through the fields and woods, and approached the defendant's buildings from the rear. In argument, counsel for the plaintiff asserted that the route taken by Mrs. Button at this time took her out of the sight of the neighbors. To this the defendant excepted. The argument was justified by the evidence. It appeared from the testimony of several witnesses that one going to the defendant's by the route selected by Mrs. Button would be out of the sight of the Cutlers for much, if not all the way. So far as appears, the Cutlers were the only neighbors that could have been referred to.

[6]     The evidence tended to show that the defendant had carried Mrs. Button in his automobile to various places on different occasions after she left the plaintiff—usually on business connected with the divorce proceedings instituted by her. Counsel for the plaintiff argued that there was no evidence that the defendant had been paid a penny for the use of his car. To this the defendant excepted. The only evidence that the defendant was paid for any of this service was that Mrs. Haywood paid him for bringing Mrs. Button and her witnesses to Montpelier at the time the divorce case was tried. When this exception was taken, attention was called to this evidence, and counsel modified his statement by saying that all the record showed was that the defendant had received six dollars from Mrs. Haywood. In fact, the amount paid by Mrs. Haywood was not stated by any witness; but counsel for the defendant remembered it that the evidence disclosed the amount of this payment. The court's recollection was that the defendant testified that the amount was six dollars, but left it to the jury to say how it was. The modification of the original statement cured any error therein, and no exception was taken to the qualified statement. The whole incident was harmless, and no error resulted.

[7]     The evidence tended to show that while Mrs. Button and the defendant lived at Mrs. Haywood's they never went to ride together unless some one else was with them. Counsel for the plaintiff argued that it was understood in the Haywood home that they should not be seen out together alone. The defendant excepted.

The only justification for this argument is found in a single statement in the testimony of Alice Trombley. After she had testified that these parties never went to ride alone, she was asked if that was talked about in the Haywood house, and she replied that it was. That this was enough to warrant a statement that it was understood there that these parties did not, in fact, go out riding alone, is plain enough. But to say that this was enough to warrant the statement that there was an understanding that they should not be seen out together alone is going too far. The former is a mere assertion of fact. The latter implies a prearranged course of conduct. But there is not enough to the misstatement to warrant a reversal. It is not made to appear that the defendant was harmed by it.

[8-10] Mrs. Button was a witness for the defendant. She testified that, on the occasion when she went to the defendant's as above stated, she went to look at a buggy, and that she did this at the request of Mrs. Haywood, who was intending to buy the buggy. When Mrs. Haywood was on the stand as a witness for the defendant, he did not ask her anything about this buggy, nor did the plaintiff on cross-examination. In the closing argument, counsel for the plaintiff referred to this omission, asking the jury to draw an inference therefrom unfavorable to the defendant. The latter excepted. In support of this exception, it is argued that the witness was as available to the plaintiff as to the defendant, in which cases no adverse inference arises. But the witness was not, in a legal sense, equally available to the plaintiff. She was the mother of the "woman in the case"— one vitally interested in the defendant's success. The presumption is that a witness is more favorable to the party calling him than to the other (*Seward* v. *Garlin,* 33 Vt. 583), and one is not bound to invade the "camp of the enemy" seeking evidence. *Fonda* v. *St. Paul City Ry. Co.,* 71 Minn. 438, 74 N. W. 166, 70 A. S. R. 341. It is said by some that no adverse inference arises when the sole purpose of the inquiry would be corroborative or cumulative; but this is not our rule as is plainly shown by *Seward* v. *Garlin.* The case in hand comes well within that decision, though the person there to be corroborated was a party, while here she was a witness, merely. During the colloquy over this matter, some expressions were indulged in that were improper, and should have been omitted; but no error resulted.

[11]   The defendant excepted to that part of the charge which allowed the jury to award exemplary damages.   The nature of the action is such as to justify such damages in most, if not all cases.   Men who pay their addresses to other men's wives usually know what they are doing and how their conduct comports with the proprieties, both legal and moral; and, to quote from *Mathies* v. *Mazet*, 164 Pa. 580, 30 Atl. 434, "it will be an evil day to the cause of justice and good morals" when the principles on which punitive damages are sustained in such cases are abandoned.   Here the jury, by its verdict, has said that the defendant broke up the plaintiff's family.   There is an abundance of evidence in the record to show that his acts were deliberate, intentional, and persistent, and that, if they were not inspired by actual malice toward the plaintiff, they were carried out under circumstances of aggravation, and in utter and wanton disregard of the plaintiff's marital rights.   This was enough to justify the charge.

[12]   The defendant excepted to the charge of the court on the subject of reconciliation, not on the ground that the law was not correctly stated, but because there was no evidence that warranted a charge on that subject.   And it is argued here that there is nothing in the evidence warranting an inference that the defendant did anything to obstruct or prevent a re-establishment of the marital relations between this husband and wife. But the record refutes the claim.   Not only did this man's attentions to Mrs. Button result in her leaving her husband, but, with full knowledge of the situation, they were persisted in thereafter, under circumstances strongly indicating an improper and unwarranted intimacy, and the jury may well have inferred that, but for the defendant, a reconciliation might have been effected.

Another objection to the argument is briefed, but the record shows that no exception was saved.

*Judgment affirmed.*