Archie L. Parker v. Victor E. Roberts et al.

October Term, 1925.

Present: Watson, C. J., Powers, Taylor, Slack, and Butler, JJ.

Opinion filed November 3, 1925.

*Construction of Writ—Arrest and Imprisonment on Void Writ
—Liability of One Aiding and Encouraging Arrest on Void
Writ—Prospective Damages—Necessity of Reducing to
Present Worth—Test of Prejudicial Error—Prejudicial
Error by Omitting Instruction Re Present Worth of Pro-
spective Damages—Rule as to Exemplary Damages Against
Joint Tortfeasors—Erroneous Instruction as to Exemplary
Damages—When New Trial for Erroneous Assessment of
Exemplary Damages Unnecessary—Effect of Good Faith on
Exemplary Damages by One Serving Void Writ—Malice—*

*Instructions Making Officer's Liability for Service of Void Writ Depend Upon Whether Just Basis for Suit.*

1. Writ, denominated an action on mortgage note, and containing common counts in assumpsit, *held* to sound in contract only, although containing allegation that suit was "brought for misconversion of chattel mortgage security for said note."

2. Writ issued as a capias, under which defendant named therein was arrested, whether construed as sounding in contract only, or containing counts in contract and a count in tort, *held* absolutely void on its face under G. L. 2359.

3. A writ void on its face affords no protection either to officer making arrest thereunder or to jailer detaining person so arrested.

4. In action of tort for false imprisonment, where defendant's own testimony showed that he had aided and encouraged in his own behalf plaintiff's arrest on process which law presumed void, *held* that court properly directed verdict against him.

5. Where plaintiff was permitted to introduce evidence, the direct and only tendency of which was to show that future loss and suffering constituted a substantial element of his claim, and at no time during trial was there any intimation that such was not an element of damage to be construed by jury, on exceptions to Supreme Court plaintiff could not be heard to say that question was not before jury simply because trial court did not call their attention to it.

6. In estimating prospective damages, jury should reduce future losses to their present worth, or to such a sum as, being put at interest, would amount to the sum they found plaintiff would lose in future by reason of alleged injuries, and charge failing to so instruct jury, exception being taken thereto, is fatally defective.

7. Under rule requiring prejudicial error to affirmatively appear, test is whether in circumstances of particular case it sufficiently appears that rights of complaining party have been injuriously affected by error.

8. In action of tort for false imprisonment, size of verdict *held* sufficient to show affirmatively that rights of excepting parties had been injuriously affected by failure of court to instruct jury that only present worth of prospective damages was recoverable.

9. When two or more persons are joined in a tort action in which

exemplary damages may be awarded, extent of their liability for such damages is to be determined according to guilt of most innocent of defendants, and, if any of them was acting in good faith and so not liable for such damages, none can be awarded.

10. Failure of court to instruct jury in accordance with foregoing rule *held* error.

11. Where exemplary damages have been awarded erroneously, through failure of court to properly instruct jury in relation thereto, but it is possible to sever such damages from entire amount awarded, retrial for error in instructions is unnecessary, provided plaintiff is willing to forego his claim for such damages.

12. A public officer who acts in the utmost good faith and fairness in service of civil process which he believes to be valid cannot be mulcted in exemplary damages simply because it eventually turns out that such process was void, nor can he be thus punished even though plaintiff had no just basis for suit.

13. In action of tort for false imprisonment, as in actions for malicious prosecution, malice essential to an award of actual damages is actual, not implied malice.

14. In such action, instructions of court to jury *held* erroneous, because under such charge, good faith of officer in acting under void process availed him nothing, unless it appeared that there was a just basis for suit, and because charge did not correctly apprise jury of nature of malice essential to recovery of exemplary damages.

ACTION OF TORT for false imprisonment. Plea, general issue by all defendants, and special plea of justification by defendants Stafford and Flint. Trial by jury at the September Term, 1924, Orleans County, *Graham,* J., presiding. Verdict of guilty and judgment on verdict. The defendants excepted. The opinion states the case. *Affirmed, except as to damages, and as to that question reversed and remanded.*

*W. W. Reirden* for defendant Victor E. Roberts; *Arthur L. Graves* for defendant John L. Stafford; *Shields & Conant* for defendant Frederick A. Flint.

*Albert Farman* and *David E. Porter* for the plaintiff.

SLACK, J. The action is tort for false imprisonment. The plaintiff was arrested by defendant Stafford, who was then constable of the town of Lyndon, at Newport, in Orleans County on the evening of September 4, 1923, and the following morning was committed to the Caledonia county jail, of which defendant Flint was then keeper. The arrest and commitment were made under and by virtue of a body writ in which this plaintiff was defendant and this defendant Roberts was plaintiff, returnable before a justice of the peace at the office of W. T. Morse in Lyndonville, in the county of Caledonia. The return day in the writ, as it appeared at the trial, was September 15, 1923, but the plaintiff claimed, and his evidence tended to show, that the writ when issued was returnable sometime the preceding August, and that the return day was changed after the arrest and commitment. The writ never was returned to the magistrate who issued it. All of the defendants pleaded the general issue, and Stafford and Flint pleaded justification under said process.

Since the validity of the process is material to several of the questions raised, we first consider that.

[1-3] The writ was made by W. T. Morse, the respondent in the contempt proceedings reported in the 97 Vt. 85, 126 Atl. 550, 36 L. R. A. 527. The action is denominated by him, in the writ, "an action on mtg. note." The declaration contains the common counts in assumpsit, which are followed by the allegation: "Suit is brought for misconversion of said chattel mortgage security for said note to the damage and injury of said plaintiff," etc. The defendants contend that the declaration contains but a single count, and that such count is in tort; but this claim is untenable. The declaration either sounds in contract only or it contains counts in contract and a count in tort. We construe it to sound in contract only. The allegation respecting *misconversion*, which is the only intimation of tortious conduct in the entire declaration, contains neither form nor substance sufficient to constitute a count in tort. But, whether the declaration be construed to sound in contract only or to contain counts in contract and a count in tort, the result is the same, since the writ having issued as a *capias* was absolutely void on its face (G. L. 2359; *Roy* v. *Phelps*, 83 Vt. 174, 75 Atl. 13; *Caldbeck* v. *Simanton*, 82 Vt. 69, 71 Atl. 881, 20 L. R. A. [N. S.] 844), and, being so, it afforded no protection to those acting under it. Since the process, because void, was no protection to either Stafford or

Flint, neither the failure of Stafford to serve it the requisite number of days before the return day, nor his failure to return it to the magistrate who issued it, nor the waiver by plaintiff of his right to be committed to the Orleans county jail, were material on the question of their liability. The court did not err, therefore, in directing a verdict against Stafford.

The defendant Roberts did not undertake to justify, but defended on the ground that he had no knowledge of the writ on which the arrest and commitment were made until the day following the commitment, but understood that Stafford was acting under another and different writ, and to the action of the court in directing a verdict against him he excepted. The substance of the evidence which he claims entitled him to go to the jury is that in October, 1922, nearly, or quite, eleven months before Parker was arrested, Roberts procured a lawyer to make a writ in his favor against Parker, which writ he soon after delivered to Stafford to serve; that that writ, for anything Roberts knew, was in Stafford's hands up to and at the time of the arrest; that he did not know that Stafford had any other writ in his favor against Parker; that he never knew anything about the Morse writ until after Parker had been committed thereon; and that before starting out on the day of the arrest he inquired of Stafford, "whether the writ he had was all right." But no evidence was offered respecting the nature of the writ Roberts had made in October, 1922—whether it was a *capias* or summons, or that Roberts had any knowledge or understanding concerning that matter, or that such writ had in any way been kept alive. Neither did it appear what information, if any, Roberts received from Stafford in reply to his inquiry "whether the writ he had was all right." On the other hand, it appeared that on the day of the arrest Stafford informed Roberts where Parker was then living, namely, in the vicinity of North Troy, and requested Roberts to carry him by automobile from Lyndonville to Parker's home; that Roberts went with Stafford as requested, was present when Parker was arrested, afterwards carried Stafford and Parker to St. Johnsbury, was present when Stafford committed Parker to the Caledonia county jail, and that Roberts knew the purpose of the trip before he and Stafford left Lyndonville.

[4] In these circumstances, the court did not err in directing a verdict against Roberts. Mr. Cooley in his work on Torts, (3rd. ed.) 319 says, "All who aid, direct, advise or encourage

the unlawful arrest of a person are liable for the consequences.'' And such is the rule everywhere. That Roberts, by the conduct shown, aided and encouraged Stafford in doing what he did do was proved beyond a peradventure; and Roberts could not escape liability for his acts by showing that he understood that Stafford was proceeding under process which Roberts was legally bound to know had ceased, by reason of age, to afford protection to anyone. In other words, it appeared from Roberts' own testimony that he aided and encouraged the arrest of Parker, in his own behalf, on process which, for aught that appeared, the law would presume void, a fact of which Roberts was presumed to have knowledge.

[5-8] The defendants excepted to the failure of the court to instruct the jury that in determining the amount of actual damages they should deduct from any sum which might be allowed for future or prospective damages the difference between the amount of such damages and the present worth of same. It is not claimed that the court covered this subject-matter, nor did it, but plaintiff says that the question of future damages was not submitted to the jury. Although the court in its charge made no reference to such damages, the plaintiff was permitted to, and did, introduce evidence the direct and only tendency of which was to show that future loss and suffering constituted a substantial element of his claim; and neither at the time this exception was taken, nor at any other time during the trial, did he, or the court, intimate that such loss was not an element of damage to be considered by the jury. In this situation, the plaintiff cannot now be heard to say that the question was not before the jury simply because the court failed to call their attention to it. The rule contended for by defendants has obtained in this State since *Fulsom* v. *Concord,* reported in the 46 Vt. 135, was decided. The instruction there given was, in effect, that in estimating prospective damages, the jury should reduce future losses to their present worth, or to such a sum as, being put at interest, would amount to the sum they found the plaintiff would lose in the future by reason of the alleged injuries. See, also, *Morrisey* v. *Hughes,* 65 Vt. 553, 27 Atl. 205. Mr. Sutherland in his work on Damages, Vol. IV, c. 36, p. 1251, in speaking of the manner of ascertaining future damages, says, ''In respect to years to come the recovery will be like payment in advance, and the amount should be reduced to its present worth.'' Among

the cases that so hold are *Mack* v. *Pittsburgh R. R. Co.*, 247 Pa. 598, 93 Atl. 618; *Florida East Coast R. R. Co.* v. *Lassiter,* 58 Fla. 234, 50 So. 428, 19 Ann. Cas. 192; *O'Brian* v. *White,* 105 Me. 308, 74 Atl. 721; *St. Louis, etc. Ry. Co.* v. *McMichael,* 115 Ark. 101, 171 S. W. 115; and others collected in 17 C. J. 906, note 79. The charge was fatally defective in the particular complained of. It is argued that the verdict is no larger than might have been awarded for damages already accrued, hence it does not affirmatively appear that the error was harmful. Under the rule requiring prejudice to affirmatively appear, the test is whether in the circumstances of the particular case it sufficiently appears that the rights of the complaining party have been injuriously affected by the error. *Berkley* v. *Burlington Cadillac Co., Inc.,* 97 Vt. 260, 269, 122 Atl. 665, and cases there cited. We think the size of the verdict in the instant case, in view of all the evidence, sufficiently shows this.

[9-11] The defendants excepted to the charge of the court because of its failure to instruct the jury that the amount of punitive damages awarded, if any, should be limited to the sum justly recoverable against any one of the defendants. An examination of the entire charge shows that the court nowhere touched upon the subject-matter of this exception. The jury were left free to punish all according to the guilt of the one most culpable, and this they did. When two or more persons are joined in a tort action in which exemplary damages may be awarded, the extent of their liability for such damages is to be determined by the rule recognized in *Moore* v. *Duke et al.,* 84 Vt. 401, 80 Atl. 901, namely, such damages are to be assessed according to the guilt of the most innocent of the defendants; and, if any of them was acting in good faith and so not liable for such damages, none can be awarded in the suit. See also *Woodhouse* v. *Woodhouse et ux.,* decided at the October Term (99 Vt. 91, 130 Atl. 758). Any other rule, for reasons there pointed out, would work a hardship on the less guilty, or those not guilty at all. The failure of the court to instruct the jury in accordance with this rule was error. However, since the verdict makes it possible to sever the exemplary damages from the entire *Rogers* v. *Bigelow,* 90 Vt. 41, 96 Atl. 417. But, since the case amount awarded, a retrial would not be necessary, provided the plaintiff was willing to forego his claim for such damages. See

must go back for a new trial on the question of damages, such disposition of it is not considered.

[12-14]    The defendant Stafford requested the court to charge that, if he "arrested the plaintiff and did what he did solely by reason of the writ which he had against the plaintiff, believing said writ to be valid and acted in good faith without malice, the plaintiff in this action is not entitled to exemplary damages." The court, after telling the jury that exemplary damages were not recoverable as a matter of right, and depended upon the circumstances found to exist in each case, charged as follows: "Such damages are regarded as punishment, not as compensation, and in awarding them you are to be governed wholly by the malice or wantonness of the defendants as shown by their conduct as you find it to be from the evidence. Malice in its common acceptation means ill will against a person, but in its legal sense it means a wrongful act done intentionally without just cause or excuse. I will repeat—in its legal sense it means a wrongful act done intentionally without just cause or excuse. Improper motive may be inferred from a wrongful act based upon no reasonable ground, and such improper motive constitutes malice in law. So you will carefully consider the evidence as to whether the defendants' acts were malicious and wrongful, in deciding whether you will allow exemplary damages; but if you find from the evidence that there was a just basis for the suit and the defendants honestly believed that they were acting under a valid process and without intentional wrong, ill will or vindictiveness against the plaintiff, then you will allow no punitive damages." This is all the court said on that subject. To these instructions defendant Stafford excepted on the ground that they did not comply with his request, and that his liability for exemplary damages was thereby made to depend on whether there was a just basis for the suit. We think both exceptions must be sustained. A public officer who acts in the utmost good faith and fairness in the service of civil process which he believes to be valid cannot be mulcted in exemplary damages simply because it eventually turns out that such process was void; neither can he be thus punished even though the plaintiff did not, in fact, have a just basis for the suit. *Moore* v. *Duke et al., supra.* The malice essential to an award of exemplary damages in actions for malicious prosecution is clearly pointed out in *Sparrow, Admr.* v. *Vermont Savings Bank,* 95 Vt. 29, 112 Atl. 205;

and public officers should be held to no stricter standard of accountability than the one there set up. Under·the charge, the good faith of the officer availed him nothing, unless it appeared that there was a just basis for the suit, and the jury were not correctly apprised of the nature of malice essential to a recovery of exemplary damages against Stafford.

The motion to set aside the verdict on the ground that the court erred as a matter of law in directing a verdict against Roberts and Stafford is disposed of by what has already been said.

The defendants saved some exceptions to the admission of evidence, but, since the questions presented by these exceptions are not likely to arise on a retrial, they are not considered.

Since none of the errors found affect the question of liability there is no occasion for a retrial on that issue.

*Judgment affirmed except as to the question of damages, and as to that question, judgment is reversed and cause remanded.*