## Ruth M. Gray v. Benjamin L. Janicki

(99 A2d 707)

May Term, 1953.

Present: **Sherburne, C. J., Jeffords, Cleary and Adams, JJ., and Chase, Supr. J.**

Opinion Filed October 6, 1953.

*John A. Swainbank* for the defendant.

*Reginald B. McShane* for the plaintiff.

**Jeffords, J.** This is an action of tort for assault and battery. Special verdicts were returned for the plaintiff. One was for compensatory damages in the amount of $2,000.00 and the other for exemplary damages in the amount of $1,000.00. The defendant moved to have the total verdict set aside and a new trial granted. The trial court ordered that the plaintiff file a remittitur of $500.00 or the verdict would be set aside. The remittitur was filed and judgment was entered for $2,500.00. The case is here on exceptions of the defendant.

■■ The first of these exceptions raises the question of whether the verdict was influenced by passion and prejudice. The ground of the motion covered by this exception was addressed to the legal discretion of the trial court and its action is only reviewable here for failure to exercise such discretion or for what amounts in law to abuse of discretion. *Oligny* v. *Underwood*, 116 Vt 193, 197, 71 A2d 250; *Woodhouse* v. *Woodhouse*, 99 Vt 91, 153, 130 A 758. The recognized test for an abuse of discretion is whether the court exercised its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable and the party alleging abuse has the

burden of showing it. *Ricci* v. *Bove's Est.* 116 Vt 335, 339, 75 A2d 682.

■ Although the trial court made no written finding on this claim of bias and prejudice, as was the case in *Woodhouse* v. *Woodhouse, supra,* it is to be inferred from its denial of the motion that it found against the defendant on this claim. Thus it must appear to us to justify the sustaining of this exception that there is no reasonable basis for the finding and it should not be overlooked that the trial court is in better position to determine the question, so that its determination should ordinarily be accepted. Woodhouse case, p. 153.

■ The defendant claims that the size of the verdict shows bias and prejudice on the part of the jury. But this is not necessarily so. Woodhouse case, pps. 153, 154. There is much less reason here to hold that the size of the verdict shows bias and prejudice than there would have been in that case where this claim was rejected.

It is claimed that the defendant on cross-examination lost his temper and made statements which were very evasive and unreasonable, the general effect of which was to create an impression very unfavorable to him. It is contended that this testimony created bias and prejudice in the jury against the defendant which was acted upon in making the award of damages.

It would seem that the defendant did create a bad impression with the jury. The trial court no doubt considered this fact when it impliedly found lack of bias and prejudice. We cannot say as a matter of law that it was wrong. Although this ground for the claim of bias and prejudice did not appear in the Woodhouse case it seems to us that others of this nature, and more serious, were rejected as a valid ground for a showing of lack of reasonable basis for the finding that the verdict was not the result of passion and prejudice. This exception is not sustained.

■ We turn to the question of whether the sum to which the damages were remitted was still so excessive as to justify the interference of this Court. We will interfere only when

the award of the lower court after a remittitur is manifestly and grossly excessive. Woodhouse case, p. 160.

The plaintiff claims there is no adequate exception to warrant consideration of this question. We will assume, without so deciding, that the exceptions of the defendant to the denial of his motion and other exceptions subsequently taken entitle him to a decision of his claim that the award is excessive even after the remittitur. The ground of the exceptions as stated in the bill was, in substance, abuse of discretion.

The defendant says he is handicapped because the trial court did not indicate in its order for a remittitur whether the sum ordered remitted should be applied to the compensatory damages awarded or to the exemplary, or to both. It would have been better if the court had specified as was done in the Woodhouse case and that practice should be followed in similar future cases.

It is reasonable to believe that the trial court intended to have the amount ordered remitted apply on the award of compensatory damages as the amount of an allowance for exemplary damages is largely discretionary with the jury. Woodhouse case p. 155. So for present purposes we will assume that the amount of the verdict for compensatory damages is $1,500.00.

The plaintiff and the defendant were living in Hardwick as neighbors. In August, 1952, the plaintiff was in her house and the defendant was in his driveway. He accused her in a loud voice of breaking a window in his barn. She denied that she had done this. He then began to call her vile and obscene names. She decided to call the police and went to a neighbor's house for that purpose. After making calls to a policeman and the town manager she started back to her home accompanied by the neighbor, a woman. Upon their return the defendant called both of them vile names and threatened to knock off the neighbor's head. He then told the plaintiff to come down in the yard and he would break every bone in her body. When she refused he came to where she was and hit her with his closed fist with all his strength first on one side of her jaw and then on the other and again on her right breast. She was knocked down and was unconscious for several minutes.

As a result of these blows her mouth was filled with blood blisters. Her face was badly swollen and she suffered severe pain in her face and neck. Her face was black and blue for several weeks and the black and blue spot on her chest had not entirely disappeared at the time of the trial which was about three and one half months after the assault. It was a long time before she could eat without trouble. A nerve was punctured in one of her eyes which required treatment.

She was treated by the doctor in whose office she worked. These treatments lasted a little over a month. He testified that the plaintiff was of a nervous temperament and would be more susceptible to nervous shock from the assault than she otherwise would be. That she has been more nervous since that time and displays anxiety and an indication of mental suffering in the evening when she is leaving his office for home. He also testified that in his opinion at the time of trial her mental health was impaired but not her physical health and that her mental health would improve when the trial was over.

The plaintiff testified she had become more nervous since the affray. That she had lost weight. That she is afraid of the defendant and as a consequence takes a taxicab from her work to her home evenings. She also testified that because of the notoriety caused by the affair she has suffered humiliation and shame. Her testimony on these matters was corroborated by other witnesses.

In an action for assault and battery damages are recoverable for mental suffering consisting in a sense of insult, indignity, humiliation or injury to the feelings where the plaintiff suffered physical injury as a result of the assault. *Rogers* v. *Bigelow*, 90 Vt 41, 46, 96 A 417. See also to the effect that elements of damage in such a case are fear, anxiety and humiliation, Restatement of the Law of Torts §905, comments c, d and e on clause b.

In view of the physical injuries and the mental and physical suffering shown by the evidence, taken in the light most favorable to the plaintiff, we cannot say that the award of $1,500.00 for compensatory damages is manifestly and grossly excessive.

■ The defendant advances several reasons for his claim that the award for exemplary damages is excessive. One is that of bias and prejudice. The same reasons for deciding adversely to the defendant in respect to this claim on compensatory damages apply here. Moreover, if we had found that the verdict was the result of bias and prejudice it would have been our duty to set it aside in its entirety. *Rule* v. *Johnson*, 104 Vt 486, 491, 162 A 383; *Dyer* v. *Lalor*, 94 Vt 103, 114, 109 A 30; *Barrette* v. *Carr*, 75 Vt 425, 428, 56 A 93.

■ It is noted that the defendant had been punished before trial by being found guilty of a breach of the peace and had paid a fine and costs. This mere fact is not material on the question of exemplary damages or the amount thereof. *Dubois* v. *Roby*, 84 Vt 465, 473, 80 A 150.

■ The defendant relies mainly on the claim of provocation for the assault. There was undisputed evidence in the case that complaints had been made to various officials of plaintiff's conduct by members of defendant's family. As a result an unsuccessful attempt was made to induce the plaintiff to move to another part of the town. One official testified that he did not believe that these complaints were particularly well founded. They were made about a year before the assault so were too remote to warrant any mitigation of exemplary damages. 6 CJS 807, §17; Ann 16 ALR at p. 816. The more recent claims of provocation which properly could be said to warrant mitigation were testified to by the defendant and a witness admittedly interested in his behalf. Most if not all of these were denied by the plaintiff and the jury did not have to believe any of them.

As before noted, the amount of an allowance for exemplary damages is largely discretionary with the jury. We are not satisfied that the lower court abused its discretion in refusing to set aside the verdict for these damages under the test for abuse above set forth.

The defendant says, in effect, that regardless of the method used in applying the amount remitted that the verdict of $2,500.00 is manifestly and grossly excessive taking into consideration all the facts of the case. The trial court impliedly

found that this amount was not so excessive. For us to overrule this finding it must appear that there is no reasonable basis for it. *Platt, Admr.* v. *Shield & Conant,* 96 Vt 257, 272, 119 A 520. Woodhouse case, p. 153. We cannot say that there was no such basis for this finding.

Upon consideration of all the evidence bearing on the question of damages, we are not satisfied with the certainty contemplated by our rule that the action of the court on the motion to set aside the verdict was not a proper exercise of its discretion.

*Judgment affirmed.*