# Frank C. Gaylord v. Redfield D. Hoar, d.b.a. Central Motors

[165 A.2d 358]

September Term, 1960

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed November 1, 1960

*Richard E. Davis* for the plaintiff.

*Paterson & Eldredge* for the defendant.

**Smith, J.** The action is conversion. Trial by jury resulted in a verdict for the plaintiff. The plaintiff entered into a contract with the defendant to purchase a 1960 Oldsmobile automobile on Oct. 10, 1959. The contract to purchase provided that the plaintiff was to receive a credit of $1,300.00 toward the purchase price of the new car for a trade-in of his 1957 DeSoto automobile, and he also paid to the defendant the sum of $50.00 at the time of signing the contract. Time of delivery of the new Oldsmobile to the plaintiff was to be made to the plaintiff "as soon as possible." No offer of delivery was made until January, 1960, due to a strike in the steel industry, which was after the commencement of this action. The contract between the parties does not specifically state any time at which the DeSoto car of the plaintiff was to be turned over to the defendant, or become the defendant's property. The contract does provide, referring to the DeSoto car, "Mr. Gaylord agrees to keep his car in good condition."

The only testimony in the case is that of the defendant, who was called as a witness by the plaintiff, and that of the wife of the defendant, an employee of Central Motors, improved as a witness by the defendant.

The evidence, taken in the light most favorable to the plaintiff, could have reasonably been found by a jury to be as hereafter stated: that the DeSoto car, at some time prior to Oct. 24, 1959, came into the possession of the defendant; that the defendant, on Oct. 24, 1959, attempted to transfer ownership of this car to Central Motors by signing the plaintiff's name on the back of the registration certificate, with his own signature affixed below the name of the plaintiff. During the time that the defendant had the car in his possession he made numerous repairs to it, at his own expense. The defendant sold the DeSoto to a resident of Massachusetts on November 13, 1959. During the period that the DeSoto was in the possession of the defendant, the plaintiff used two different cars belonging to the defendant, both of which were returned. The record is devoid of any evidence relative to the circumstances of the defendant obtaining possession of the DeSoto from the plaintiff, or of the circumstances relating to the plaintiff having the use of any automobiles belonging to the defendant. This action was brought by the plaintiff on December 31, 1959. A jury trial resulted in a verdict for the plaintiff for compensatory

damages of $1,500.00, plus 6 per cent interest, and a verdict for exemplary damages of $200.00.

During the course of the trial the plaintiff offered in evidence the November issue of the National Automobile Dealers Association Guide, New England Edition. The testimony of the defendant was that this book contains average prices, wholesale, retail and loan, for various makes and models of used cars, for the time and the locality which the book purported to cover. This book, and others of similar nature, are used by automobile dealers in their business. It was the defendant's testimony that he "liked" the book very much, as far as he has used it. He did not testify that he had used it in fixing the value of the DeSoto, the object of the conversion here, nor did he testify as to the applicability of prices given in the book to this particular automobile. The N.A.D.A. book above described was admitted in evidence by the court below, over the objections of the defendant, and it is to the admission of this exhibit that the defendant has briefed his first exception.

The exhibit, as offered, was underlined under the make, model and year of the DeSoto car here involved, and there was also an underlining of the values stated in the book for various items of optional equipment that could be added to the car. However, there is no testimony in the case, or other evidence, as to what items of optional equipment, if any, were on the DeSoto car which the plaintiff owned.

The book which was admitted in evidence is a publication which pertains to the average car of any particular make and model. It has little, if any, value in the appraisal of a particular automobile, the value of which may depend upon many facts and circumstances, such as the mileage and the mechanical condition. *Irwin* v. *McGee,* La. App., 93 S.2d 17. It is also obvious that the presence, or absence, of optional equipment is a circumstance which would affect the value of any specific automobile. In the case of *Cincinnati St. Ry. Co.* v. *Waterman,* 50 Ohio App. 380, 198 N.E. 494, 496, a witness was permitted to testify to the value of an automobile, it appearing that he relied to some extent upon a certain "Blue Book," a publication similar to the exhibit here in question, but the witness in that case testified to a long experience in market values of cars, and from that experience he knew that the values set forth in the "Blue Book" were

correct. There is no such evidence in the case before us, nor did the defendant testify as to the value of the DeSoto automobile.

■ The measure of damages in an action of conversion is the value of the property at the time of the conversion. *Eastman* v. *Jacobs,* 104 Vt. 536, 538, 162 A. 382. In the absence of any evidence on the mechanical condition of the DeSoto car, its optional equipment, or that the values set forth in the offered exhibit would apply to the particular automobile for the conversion of which recovery here was sought, the trial court was in error in admitting the exhibit.

■■ The fact that error has been shown is not enough, in itself, to secure a reversal. The defendant must also show that he was prejudiced thereby. Under the rule requiring prejudice to affirmatively appear, the test is whether in the circumstances of the particular case it sufficiently appears that the rights of the complaining party have been injuriously affected by the error. *Parker* v. *Roberts,* 99 Vt. 219, 225, 131 A. 21, 49 A.L.R. 1382; *Berkley* v. *Burlington Cadillac Co.. Inc.,* 97 Vt. 260, 269, 122 A. 665.

The jury verdict for compensatory damages in this case was in the amount of $1,500.00, plus interest. It is obvious that the jury must have used the valuation set forth in the N.A.D.A. book at arriving at their verdict figure, and it is so conceded by the plaintiff in his brief. The defendant was prejudiced by the error shown.

The second exception briefed by the defendant is upon the lower court's refusal to direct a verdict in his favor upon Count 1 of the complaint. Count 1 of the complaint sounds in conversion. The defendant first contends that the contract between the parties placed ownership of the DeSoto car in the defendant, and for his second ground he cites the lack of any demand by the plaintiff upon the defendant for the return of the DeSoto before the commencement of his action in conversion.

The contract between the parties called for a delivery of the article purchased, the new Oldsmobile, to be made in the future. The balance of the purchase price of the automobile, after allowing credits for the used car and the cash payment, was to be made at the time of the delivery. In the absence of any evidence otherwise the presumption is that the payment of the balance was to be in full from the plaintiff to the defendant.

■ In the absence of any agreement to the contrary, the rule, where the sale is for cash or its equivalent, is that the delivery of the thing sold and the payment of the purchase price are concurrent acts, and the title does not pass until payment or tender of payment is made, and the title remains in the seller until delivery. *Luce* v. *Brown,* 96 Vt. 140, 142, 118 A. 530.

There is no provision in the contract between the parties that the title to the DeSoto car should pass to the defendant before the delivery of the new Oldsmobile. Indeed the provision "Mr. Gaylord agrees to keep his car in good condition," which applied to the DeSoto car, implies that this automobile was still regarded by the parties as being the property of the plaintiff.

The defendant contends that the evidence in the case bears out his contention that ownership of the DeSoto was transferred by the plaintiff to the defendant, but this evidence is only that the defendant did have possession of the car before he sold it, and he made repairs on it at his own expense. To this may be added the evidence that the plaintiff had the use of two cars belonging to the defendant during the same period of time. But there is a complete lack of evidence as to the circumstances under which defendant obtained possession of the plaintiff's automobile, as well as an equal lack of evidence upon the circumstances under which the plaintiff was using cars belonging to the defendant.

At the most there was a question of fact presented here as to whether the conduct of the parties had resulted in a change of owner-ship of the DeSoto car. In a case like this the question as to when title passes is one of intention of the parties, to be derived from the circum-stances, and ordinarily the question is one of fact. *Luce* v. *Brown, supra.* This question of fact was properly presented to the jury for its determination, which determination was that there had been no such change of ownership.

The defendant has also alleged in his brief that the absence of any evidence of a demand made by the plaintiff to the defendant for the return of the DeSoto was ground for a verdict directed in his favor in this action of conversion. He cites no authority for this contention.

■ There is no necessity of proof of a demand and refusal for the purpose of establishing a conversion, when the conversion is

otherwise established, as it is here by the sale of the car by the defendant. *Loverin* v. *Wedge,* 102 Vt. 138, 143, 146 A. 248. At the time of the commencement of this action the DeSoto had already been sold by the defendant to a person outside the state of Vermont. It would have been impossible for the defendant to return the car if he had been called upon to do so. No error is found in the refusal of the lower court to direct a verdict in the defendant's favor on this ground.

The defendant has also excepted to the lower court's refusal to direct a verdict in his favor on Count 3, in pursuance to defendant's motion made at the close of all the evidence in the case. As originally brought, the plaintiff's complaint contained a Count 2, alleging fraud on the part of the defendant. This count was struck on plaintiff's own motion, and that part of Count 3 which related to fraud was also struck at the same time. This left Count 3, in essence, an allegation of malice and wanton disregard of the rights of the plaintiff on the part of the defendant, as well as a breach of the contract on his part, and the plaintiff sought exemplary and punitive damages. While the defendant argues that Count 3 is a declaration in contract, we do not find it so. The breach of contract is alleged as evidence of the claimed wanton disregard of plaintiff's rights on the part of the defendant, and the case was tried upon that theory.

In actions of trover and conversion exemplary damages may be awarded if the conversion is characterized by malice, wilfulness, fraud, oppression, or a reckless and wanton disregard of the plaintiff's rights. *Vermont Acceptance Corp.* v. *Wiltshire,* 103 Vt. 219, 228, 153 A. 199, 73 A.L.R. 792; *Green* v. *LaClair,* 89 Vt. 346, 349, 95 A. 499; 89 C.J.S. Trover and Conversion, §199, p. 660.

The question of whether or not there had been a reckless and wanton disregard by the defendant of the rights of the plaintiff in the conversion, under the circumstances attending it, was a question of fact for the decision of the jury, and it was so charged by the court below.

The defendant has also briefed his exception to the lower court's refusal to grant his motion to set aside the verdict and enter judgment for the defendant, notwithstanding the verdict. The grounds advanced on this exception are the same as have already been

passed upon in our consideration of the lower court's refusal to direct a verdict on Count 1 of the complaint, save for one ground. The additional ground advanced by the defendant is that the plaintiff waived his title to the DeSoto car when he delivered the car for repairs prior to sale. This ground is raised in this Court for the first time, and was not advanced below. It is, therefore, not for our consideration. *Peterson* v. *Moulton,* 120 Vt. 439, 433, 144 A.2d 717.

The entry is, *Judgment affirmed, except as to the question of compensatory damages, and as to that question, judgment is reversed and cause remanded. Let the defendant recover his costs in this Court.*