## Yvette G. Lewis v. Eddie J. Gagne

[185 A.2d 468]

September Term, 1962

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed November 7, 1962

*John A. Swainbank* for the plaintiff.

*Richardson & Caldbeck* for the defendant.

**Shangraw, J.** This is an action of tort for assault and battery. Defendant pleaded the general issue. Special verdicts were returned for the plaintiff. One was for compensatory damages in the amount of $600.00 and the other for exemplary damages in the amount of $400.00. The trial court, on its own motion, ordered that the plaintiff file a remittitur of $400.00 or the verdict would be set aside. The remittitur was filed and judgment was entered for $600.00.

During the course of the trial the defendant moved for a mistrial. The defendant also seasonably moved to set aside the verdict. Each motion was denied. The defendant assigns error to the action of the court in denying these motions.

The plaintiff is the sister of the defendant. The alleged assault took place on June 11, 1961 in front of the residence of Edward Peterson, Waterford, Vermont, at which place the plaintiff occupied an upstairs apartment. The defendant lived a short distance from the Peterson home and within sight thereof. Without going into details, the plaintiff and the defendant had been on unfriendly terms for a long period of time. They had recently quarreled over a dog owned by the plaintiff. During the trial plaintiff claimed that the dog had been shot by the defendant's son a short time after the claimed assault.

The record supports the following as testified to by the plaintiff. About three o'clock in the afternoon of June 11, 1961 the plaintiff was near the highway on the Peterson lawn picking up small pieces of brush. The defendant, while passing the Peterson property in an automobile then being operated by him, was told by the plaintiff to keep moving, or "beat it." The defendant stopped his car. The parties exchanged a few remarks, some of which were most uncomplimentary. While the plaintiff was standing near the car, and on the driver's side, the defendant hit the plaintiff in the eye with his fist, giving her a black eye. Following this assault the defendant got out of his car and the plaintiff ran into the house.

Plaintiff further testified that her eye was first dark in color, then purple, and later yellow. This condition lasted for about two months. The plaintiff was humiliated, ridiculed and suffered pain.

The record discloses that plaintiff gave answers to questions propounded on direct as well as cross-examination which were not responsive. When objected to, these answers were ordered struck from the record by the court. In its charge the court also cautioned the jury to disregard any testimony which had been excluded or struck from the record.

Corporal Fields of the Vermont State Police called on the plaintiff about two weeks after the assault. In referring to what transpired during this interview, the following question was asked the plaintiff on cross-examination by the defendant, and her answer given thereto.

"Q. And you and he and Ed discussed this, didn't you—the three of you together?

A. Me, I was all upset and I was so broken-hearted to see two bullets in my dog's head. I used to be afraid to stay home nights; I had my dog, living up there—and he had two bullets in his head and I just cried. I was all to pieces."

 Although the answer given by the plaintiff was not responsive, it is apparent that the witness intended to mean that she did not discuss the matter, at that time, because she was too upset for reasons stated. The defendant made no objection to the answer, nor did he ask that it be struck from the record. He did, however, move for a mistrial. After denying the motion for a mistrial, the court on its own motion ordered the answer struck from the record and instructed the jury to disregard it. We must assume that the jury abided by the instructions of the court. *Clark* v. *Piccillo,* 75 N. J. Super. 123, 182 A.2d 381. There can be no assumption under our system of jurisprudence that the jury will disregard the instructions of the trial court. *State* v. *DeZeler,* 230 Minn. 39, 41 N.W.2d 313, 15 A.L.R.2d 1137, 1147.

In his opening statement to the jury, the defendant's counsel denied that the alleged assault occurred as claimed by the plaintiff. He claimed that the motive for the bringing of the lawsuit by the plaintiff was revenge. It developed early in the trial that the plaintiff and the defendant had had some argument concerning the plaintiff's dog. On

cross-examination of the plaintiff by the defendant, plaintiff testified that the defendant's son shot her dog following the alleged assault. To this end, the tendency of the defendant's cross-examination of the plaintiff, an excitable witness, was to show revenge on her part in the bringing of this lawsuit. The defendant first brought into the case what he now complains of, namely, the manner in which the dog met his untimely demise. During direct and cross-examination of the plaintiff, unresponsive answers had been given and ordered struck from the record. The defendant was therefore forewarned of the possibility of an emotional outburst on the part of the plaintiff concerning her dog during cross-examination. See *Sanders* v. *Burnham,* 91 Vt. 480, 483, 100 Atl. 905.

The defendant's motion for a mistrial was based upon the claimed misconduct of the plaintiff by giving the hereinbefore quoted answer, which he claims was prejudicial. It is also generally urged in his brief that plaintiff's misconduct also consisted of the giving of other prejudicial and unresponsive answers both in direct and in cross-examination.

■ Prejudice must be established by the party claiming it. *Viens* v. *Lanctot,* 120 Vt. 443, 447, 144 A.2d 711. An unresponsive answer ordinarily will not produce reversible error. Usually the matter calls for such action by the trial court as justice may require. *Knight* v. *Willey,* 120 Vt. 256, 263, 138 A.2d 596; *Enos* v. *Owens Slate Co.,* 104 Vt. 329, 338, 160 Atl. 185. The defendant's motion for a mistrial was addressed to the trial court's discretion. *Ryan* v. *Barrett,* 105 Vt. 21, 23, 24, 162 Atl. 793. An assignment of error to the denial of a motion for a mistrial will not be sustained unless prejudice is made affirmatively to appear. *State* v. *Levine,* 117 Vt. 320, 328, 91 A.2d 678.

The defendant, on cross-examination of the plaintiff, first brought to light the fact that his son had shot the plaintiff's dog. This line of inquiry was presumably in support of the defendant's claim that this suit was brought by the plaintiff for revenge. In so doing, the defendant invaded a potentially dangerous area, and it was he who opened the door for plaintiff's responses which he now claims were prejudicial. We are convinced that the defendant had a fair trial. An examination of the transcript fails to demonstrate the defendant's

claim of prejudice, or that the court abused its discretion in declining to grant a mistrial.

■■ The defendant moved to set aside the verdicts, urging that prejudice was clearly exhibited by the size of the verdicts. The verdict for compensatory damages was for $600, and that for exemplary damages $400. This motion was denied. The court of its own motion ordered the plaintiff to file a remittitur of $400 which was done, and judgment entered for $600. The motion to set aside the verdicts was addressed to the legal discretion of the trial court. Its action is only reviewable here for failure to exercise such discretion or what amounts in law to abuse of discretion. *Gray* v. *Janicki,* 118 Vt. 49, 50, 99 A.2d 707; *Oligny* v. *Underwood,* 116 Vt. 193, 197, 71 A.2d 250. In determining whether the trial court abused its discretion in denying the motion to set aside the verdicts, this Court is bound to indulge every reasonable presumption in favor of the ruling below, bearing in mind that the trial court was in a better position to determine the question of claimed prejudice. *Viens* v. *Lanctot, supra,* p. 448.

■ In an action for assault and battery the size of the verdict alone does not necessarily show bias and prejudice on the part of the jury. *Gray* v. *Janicki, supra,* p. 51. Considering the plaintiff's injuries, humiliation, and pain, we cannot hold that the verdicts reflect bias or prejudice. The defendant's motion to set aside the verdicts was properly denied.

*Judgment affirmed.*