## Michael A. Pezzano v. Raymond Bonneau and Ray's Auto Sales

[329 A.2d 659]

No. 16-74

Present: **Barney, C.J., Smith, Keyser and Daley, JJ., and Shangraw, C.J. (Ret.)**

Opinion Filed December 3, 1974

*J. Garvan Murtha, Esq.*, of *Kristensen, Cummings & Price*, Brattleboro, for Plaintiff.

*Timothy J. O'Connor, Jr., Esq.*, Brattleboro, for Defendants.

**Daley, J.** In a civil action, the Windham County Court found the defendants, Raymond Bonneau and his partnership, Ray's Auto Sales, liable for willful and malicious conversion of the plaintiff Michael Pezzano's automobile. Bonneau originally filed a complaint against Pezzano sounding in slander which reportedly arose out of the same occurrence, and Pezzano counterclaimed for compensatory and punitive damages for conversion. The trial court directed a verdict against Bonneau on the slander action, which is not appealed from. On the counterclaim in conversion, the jury awarded Pez-

zano $300 in compensatory damages and fixed punitive damages in the amount of $7,500.

The defendants appeal from the trial court's denial of their post-verdict motions for judgment notwithstanding the verdict, for *remittitur*, or for a new trial. They address their claims of error, both at trial and here, to the propriety of an award of punitive damages on the evidence presented. Alternatively, they contend that the amount of punitive damages awarded was excessive and disproportionate to the amount of compensatory damages, and the amount of that award indicated passion and prejudice against them. The defendants also question the constitutionality of punitive damages.

Punitive or exemplary damages are not recoverable as a matter of right. From their nature, they cannot be measured by any precise rules but are awarded in the discretion of the jury after consideration of their nature and extent of the wrong and the intent with which it was committed. *Rogers* v. *Bigelow,* 90 Vt. 41, 49, 96 A. 417 (1916). In actions of conversion, as here, punitive damages may be awarded if the conversion is characterized by malice, willfulness, or a reckless and wanton disregard of the plaintiff's rights. *Gaylord* v. *Hoar,* 122 Vt. 143, 148, 165 A.2d 358 (1960).

By their verdict, the jury not only found that the defendants unlawfully exercised dominion over the plaintiff's property, but also found, evidenced by their grant of punitive damages, that the circumstances surrounding the act were characterized by malicious and willful conduct. *See, e.g., Michlin* v. *Roberts,* 132 Vt. 154, 163, 318 A.2d 163 (1974). A short review of the evidence viewed in the light most favorable to the verdict amply supports their decision.

Defendant Bonneau operates defendant Ray's Auto Sales and garage in Brattleboro and on Saturday, February 10, 1973, responded to a call from plaintiff Pezzano who needed assistance in starting his automobile parked in a hotel lot. The vehicle was towed to Bonneau's garage, and a dispute arose over payment of the towing charge. The plaintiff had thirteen dollars in cash with him which he offered to Bonneau who turned down the offer, refused to release the car, and said that he would keep the plaintiff's car radio as security for the two dollars still owing. A short time later on

the same day at the Brattleboro Police Station, Bonneau accepted the thirteen dollars and agreed to release the vehicle.

Several more attempts were made that day to obtain the release of the car, then locked in the defendants' garage, some involving the police. During one of the police visits, Bonneau stated that the plaintiff was driving a stolen car and that the plaintiff was dealing in drugs. Both charges proved to be totally unfounded. In the same conversation Bonneau angrily stated that his charges against Pezzano were then twenty-five dollars and might go even higher. However, Bonneau never performed any repair service on the plaintiff's automobile.

Ultimately, the plaintiff's automobile was released from the defendants' control on Monday after the police arrived with a search warrant. Because of the defendants' acts, the plaintiff was unable to conduct his business as a salesman in Brattleboro and, by means of other transportation, returned to his home in New York State on Sunday. On the following Wednesday when the plaintiff returned to Brattleboro, he found that his automobile had been attached by the defendants. This attachment was released late that day by the District Court at the instance of the plaintiff and an attorney. Due to the lateness of the hour and the fact that his automobile was inoperable, he was forced to return once again to New York. Pezzano did not finally retrieve his automobile until the first week in March because of business commitments elsewhere. At that time, utilizing the services of another mechanic, plaintiff was able to start his car and return it to his home at a minimal cost of four dollars.

■■ Once a jury has acted, a court may interfere with an award of punitive damages only if "manifestly and grossly excessive." *Gray* v. *Janicki,* 118 Vt. 49, 52, 99 A.2d 707 (1953). Thus, where there is no legal measure of damages and they are unliquidated, the amount thereof is for the judgment and legal discretion of the jury. Furthermore, the size of the verdict alone does not indicate passion or prejudice by the jury. *Gray* v. *Janicki, supra,* 118 Vt. at 51.

We cannot say, as a matter of law, that the award of punitive damages here was manifestly and grossly excessive or that the size of the award indicated passion or prejudice against the defendants. *See Woodhouse* v. *Woodhouse,* 99 Vt.

91, 160–61, 130 A. 758 (1925). There is an abundance of evidence in the record to show that the defendants' acts were deliberate, intentional and persistent, and that, if the acts were not inspired by actual malice toward the plaintiff, they were carried out in circumstances of aggravation and in utter disregard of the plaintiff's rights. This was enough to justify the award. *Button* v. *Knight,* 95 Vt. 381, 115 A. 499 (1921). Moreover, the defendants have failed to demonstrate any abuse of discretion on the part of the trial court in the denial of their post-verdict motions. *See Weeks* v. *Burnor,* 132 Vt. 603, 326 A.2d 608 (1974).

The defendants contend that punitive damages awarded should bear some reasonable proportion to the compensatory damages awarded to the plaintiff. However, they cite no authority within this State to support this proposition. Punitive damages are awarded to "stamp the condemnation of the jury upon the acts of defendant on account of their malicious character", *Goldsmith's Admr.* v. *Joy,* 61 Vt. 488, 500, 17 A. 1010 (1889), and imposing a ratio requirement would improperly hamper the punitive function of the award.

Finally, the defendants urge that we declare unconstitutional the use of the punitive damages in our legal system. We need not reach the merits of this contention for the defendants' challenge the constitutionality of punitive damages for the first time on appeal. Points not made or urged in the proceedings below will not be considered as a matter of first impression on appeal, except in extraordinary circumstances which have not been presented here. *See Town of Manchester* v. *Cherbonneau,* 131 Vt. 107, 300 A.2d 548 (1973); *cf. In re Maher,* 132 Vt. 560, 326 A.2d 142 (1974).

*Judgment affirmed.*