# A. M. Varityper, Division of A. M. International, Inc. v. Samir A. Rabbo, Maple Leaf Press, Inc.; Jenine, Inc. d/b/a Maple Leaf Press

[505 A.2d 671]

No. 84-249

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed January 10, 1986

*E. Bruce Weber* and *Jane K. Mills* (On the Brief) of *Weber, Perra & Wilson*, Brattleboro, for Plaintiff-Appellee.

*William M. McCarty*, Brattleboro, for Defendants-Appellants.

**Hill, J.** Plaintiff, A. M. Varityper, Division of A. M. International, Inc., brought this action to replevy a varityper business machine it delivered to defendants, Samir Rabbo and Maple Leaf Press, Inc., in September, 1982. Defendants counterclaimed for lost profits and damages due to plaintiff's alleged breach of express and implied warranties arising out of a sale of similar but unrelated equipment three months earlier. Plaintiff subsequently amended its complaint and alleged conversion.

The court, sitting as the trier of fact, found that defendants accepted delivery of the equipment, exercised dominion over it to the exclusion of the plaintiff and refused to tender payment. On these facts, the court entered judgment against the defendants for conversion and awarded the plaintiff compensatory damages in an amount equal to the price of the machine plus interest. The court also awarded plaintiff $4,000 in punitive damages based on the character of the conversion and denied defendants' counterclaim for failure of proof on the issue of damages. From this judgment, defendants appeal. We affirm.

## I.

The defendants first challenge the court's denial of their counterclaim. More specifically, they allege that the trial court's finding on date of delivery with respect to the first piece of equipment was unsupported by the evidence. According to the

defendants, the equipment was delivered on May 22, 1982, not on June 15, 1982 as found by the court.

Defendants' claim is without merit. First, we note that the defendants requested the court to find a June delivery date. Second, the evidence as to date of delivery was unclear at best. Third, even if the court erroneously found that the equipment was delivered on June 15, we fail to see the significance of this mistake.

The court found that the machine was installed when it was delivered, as it only needed to be plugged into an electrical outlet to become operable. The court further found that the defendants were able to use the equipment from date of delivery until July 19, 1982. On July 19, the typesetter became inoperable. Plaintiff promptly ordered the necessary parts; however, defendants were without a typesetter for approximately two weeks, from July 19 until August 5, 1982. During this time, they used the equipment at Stevens Photo-Type-Graphics in Brattleboro to get their work done.

The court found no evidence to support the defendants' claim that they were charged for their use of Stevens' facilities during the two-week downtime period. In fact, the court found no credible or clear evidence that the defendants suffered any financial loss arising out of their purchase of the first machine. In light of these findings, which are fairly and reasonably supported by credible evidence, the precise date of delivery is immaterial.

## II.

Defendants next assert that they did not order the second piece of equipment and therefore had the right to withhold payment. They argue in the alternative that they were entitled to attach plaintiff's property in conjunction with their claim against plaintiff for breach of warranty.

Defendants' first claim is unsupported by the evidence. The record in this case discloses that the defendants ordered the equipment, promised payment upon delivery, accepted delivery, forced plaintiff's agents to leave the premises when they came to install the equipment, stated that they intended to hold the equipment hostage, refused to accede to plaintiff's demand to return the equipment, and refused to tender payment. Moreover, defendants used the equipment, without plaintiff's permission, from the day it was delivered.

■■ Defendants' second claim has no basis in law or equity. *"On rightful rejection or justifiable revocation of acceptance* a buyer has a security interest in goods in his possession or control for any payments made on their price and expenses reasonably incurred in their inspection, receipt, transportation, care and custody and may hold such goods and resell them in like manner as an aggrieved seller (§ 2-706)." 9A V.S.A. § 2-711(3) (emphasis added). In this case, however, defendants did not rightfully reject the goods, see 9A V.S.A. § 2-602, or justifiably revoke acceptance of the goods. See 9A V.S.A. § 2-608. Instead, they simply held the goods as security for their alleged claims against plaintiff for breach of warranty and failure to repair the first machine. This they had no right to do.

### III.

■ Defendants also contend that the court's punitive damage award is not justified by the evidence. "In actions of conversion . . . punitive damages may be awarded if the conversion is characterized by malice, willfulness, or a reckless and wanton disregard of the plaintiff's rights." *Pezzano* v. *Bonneau*, 133 Vt. 88, 90, 329 A.2d 659, 660 (1974) (citing *Gaylord* v. *Hoar*, 122 Vt. 143, 148, 165 A.2d 358, 362 (1960)). The question of whether or not the act of conversion was accompanied by a reckless or wanton disregard of the plaintiff's rights is a question for the factfinder. *Gaylord* v. *Hoar*, 122 Vt. 143, 148, 165 A.2d 358, 362 (1960).

■ The trial court found that the defendants' acts were deliberate, intentional and persistent. It concluded that they were "carried out in circumstances of aggravation and in utter disregard of the plaintiff's rights." *Pezzano, supra*, 133 Vt. at 92, 329 A.2d at 661. There is ample evidence in the record to justify the court's findings and support its conclusions in this regard. Nothing more is required. *Id.* at 90, 329 A.2d at 661.

### IV.

■ Finally, defendants argue that the trial court committed reversible error when it denied defendants' Rule 59 and Rule 60 motions without a hearing. In *West* v. *West*, 139 Vt. 334, 335, 428 A.2d 1116, 1117 (1981), we held that a hearing should precede dismissal on a motion to reopen a judgment order when the grounds relied upon are stated with particularity and the motion

is neither frivolous nor totally lacking in merit. We believe that the defendants' post-trial motions were totally lacking in merit. Accordingly, we affirm the trial court's summary ruling.

*Affirmed.*