**MITCHELL v. PUBLIC SERVICE CO-ORDINATED TRANSPORT et al.**

Civ. A. No. 626.

United States District Court
D. New Jersey.

Sept. 29, 1952.

Marcus & Levy, Paterson, for plaintiff.

Luke A. Kiernan, Jr., Newark, for defendant Public Service Coordinated Transport.

Richard Fryling, Newark, for defendant Edward Conrad.

MODARELLI, District Judge.

The defendants, by oral motion at pre-trial *without notice to the court or their adversary*, moved that the above action be dismissed on the ground that plaintiff has filed three suits involving the same accident, thus subjecting defendants to undue harassment, embarrassment, and vexation.

■ The court does not approve of the practice of counsel bringing motions, without notice, at pre-trial conferences. Attention of counsel is called to Rule 6(d) of the Federal Rules of Civil Procedure, 28 U.S.C., which requires that notice of the hearing of a motion shall be served not later than five days before the time specified for the hearing, and Rule 7(b) of the Federal Rules of Civil Procedure which requires that an application for a court order shall be by motion, in writing, unless made during a hearing or trial. In addition, Rule 10 of this District states that, "No application will be considered unless the moving papers, accompanied by a brief * * * and proof * * * of service * * * on opposing counsel are received in the clerk's office * * * at least 15 days prior to the date set for argument." Counsel will, in the interest of fair and orderly justice, strictly adhere to the requirements of these rules.

The suit is one for personal injuries received by plaintiff on or about July 29, 1950, in a collision between a trolley car owned by Public Service Coordinated Transport and operated by Edward Conrad, and automobile owned and operated by plaintiff. Plaintiff filed a suit against Con-rad in the Essex County Court, Law Division, on February 7, 1952. The suit in this court was filed against both the owner and the operator on June 30, 1952. A third action was filed in the Superior Court, Law Division, Hudson County, on July 29, 1952, against the owner.

■ The plaintiff is a citizen of New York. Defendants are both residents of New Jersey. The requisite jurisdictional amount is alleged. Jurisdiction attaches by virtue of Title 28 U.S.C. § 1332. Defendants allege, however, that where jurisdiction is concurrent, the court first acquiring jurisdiction should retain it, enjoining the parties from further proceedings in another forum. Defendants cite as authority Godfrey Life Cabot, Inc., v. Binney & Smith Co., D.C.N.J.1942, 46 F.Supp. 346, and quote a portion of that case. That case involved a distinguishable set of facts. There both suits, which involved identical parties and factual backgrounds, were commenced in federal courts of two districts. Counsel for Public Service, through inadvertence, failed to note that the passage he quotes was cited by Judge Smith as taken from the opinion of Judge Maris in the case of Crosley Corporation v. Hazeltine Corporation, 3 Cir., 1941, 122 F.2d 925, 929, 930. The latter case holds that when the same suit is filed in two *federal* courts the "federal district court which first obtains jurisdiction may preserve its jurisdiction by injunction", but the opinion makes it abundantly clear "that where the judgment sought is strictly *in personam*, both the state court and the federal court * * * may proceed with the litigation at least until judgment is obtained in one of them which may be set up as *res judicata* in the other." At page 929 of 122 F.2d. It is conceded that this is a suit *in personam*. To the same effect see: Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456, 466, 59 S.Ct. 275, 83 L.Ed. 285; Penn General Casualty Co. v. Com. of Pennsylvania ex rel. Schnader, 294 U.S. 189, 195, 55 S.Ct. 386, 79 L.Ed. 850; and Kline v. Burke Const. Co., 260 U.S. 226, 234-235, 43 S.Ct. 79, 67 L.Ed. 226.

It might also be pointed out that although suits were filed in three courts based on the same accident, the suit filed in this court is the only suit which joins both defendants. Further, that the plaintiff will consent to a stay of the State Court actions until the disposition of this case, if the defendants so desire. The defendants should take advantage of this offer by the plaintiff.

The motion to dismiss is denied. An order may be submitted by plaintiff in conformity with the opinion herein expressed.