# John Henry Blanchard v. Beatrice Shaw Blanchard

[546 A.2d 1370]

No. 84-553

Present: Allen, C.J., Peck, J., and Barney, C.J. (Ret.), Keyser, J. (Ret.) and Costello, D.J. (Ret.) Specially Assigned

Opinion Filed April 15, 1988

*Biederman & Rakow, P.C.*, Rutland, for Defendant-Appellant.

**Peck, J.** This is an appeal by defendant, Beatrice Blanchard, from an order of the Rutland Superior Court, denying her motions to set aside the amended judgment order and reinstate the original order, to modify the amended judgment order, and for an order of approval for a writ of attachment, V.R.C.P. 4.1(b). We affirm.

On appeal, defendant raises three claims. First, that the trial court erred by finding no mistake or unfair advantage in arriving at the modification agreement which was the basis of the amended order. Second, that the trial court erred by denying defendant's motions to modify and set aside the amended order

without having a full hearing on the motions. Finally, that the trial court erred in denying her motion for order of approval for a writ of attachment.

On April 4, 1980, plaintiff, John Blanchard, was granted a divorce. Included in the divorce decree was a provision regarding real estate owned by the parties in South Wallingford, Vermont. This property was decreed to the parties as tenants in common with exclusive right of possession to plaintiff, so long as he occupied and utilized it. He was additionally required to make all mortgage payments on the property, and if it was to be sold, the proceeds were to be divided equally between the parties.

On November 13, 1980, plaintiff filed a motion to modify judgment. This action was taken as a result of his need to obtain financing in order to pay some debts of his business. The parties stipulated for a modification of the order under which the South Wallingford real estate was to be awarded to plaintiff, free and clear of any interest of defendant. In exchange, plaintiff was to pay defendant $28,000, representing her equitable interest in the property. The $28,000 amount had been arrived at by relying on appraisals of the property done by experts for both plaintiff and defendant, who had agreed on the value of the property as being between $100,000 and $110,000. The court granted the motion to modify in accordance with the stipulation, and amended the judgment order accordingly.

Two months after the judgment order was modified, plaintiff sold the property for $350,000. Thereafter, defendant filed motions to set aside the amended judgment and a motion to modify the amended judgment order. In her motions, defendant alleged both fraud and mutual mistake; however, she subsequently withdrew the claim of fraud. The motions requested that the court vacate its modified order and reinstate the original judgment.

Sometime later, alleging that plaintiff had listed for sale all of his real property in Vermont, defendant filed a motion requesting an order of approval for writ of attachment so as to permit collection if her motions to set aside or modify were granted.

On September 10, 1984, the court heard the motion for an order of approval, and on October 26, 1984, issued an order denying all three of the motions filed by defendant. It is from this order that she appeals.

Defendant first claims that the stipulation which was the basis of the amended order was entered into when both parties

were mistaken as to the value of the property and, therefore, her request to set aside and modify the amended judgment order should have been granted.

This Court has previously ruled that stipulations in divorce cases may be subject to reformation on the grounds of mutual mistake. *Ferris* v. *Ferris*, 140 Vt. 12, 15, 433 A.2d 304, 306 (1981). When a stipulation has been entered into under a mutual mistake regarding a material fact, on the basis of which the parties have contracted, the agreement may be avoided in a court of law. *Id.* Further, this Court has held that where the parties to an agreement " 'mutually assumed a certain state of facts to exist and contracted on the faith of that assumption, relief from the bargain should be given if the assumption [proves to be] erroneous.' " *Id.* (quoting *Enequist* v. *Bemis*, 115 Vt. 209, 212, 55 A.2d 617, 619 (1947)).

In this case, plaintiff and defendant stipulated based on a mutually assumed state of facts—that the property was worth, at most, $110,000—and the parties contracted on the faith of that assumption. However, we find that, at the time they entered into the stipulation, no mistake of fact existed. The property had been appraised at $110,000 by both parties' experts, and there is no indication that the appraisals were incorrect at the time the agreement was entered into.

Defendant claims that the fact that the property was later sold for more than it was appraised for should alone create a basis for mutual mistake. We disagree. Absent evidence that at the time of the stipulation the property was valued incorrectly, no mutual mistake occurred. The fact that the property was later sold for much greater than the agreed upon value indicates only that there was a *change* in value, and not a mistake of fact as to the value of the property at the time of the agreement or at the time the order was modified. Cf. *Smith* v. *State Highway Board*, 128 Vt. 336, 338, 262 A.2d 486, 488 (1970) (value of property is to be assessed at the time of the taking).

■ It is well established that "an adjustment of property rights between the parties to a divorce proceeding, cannot be modified or vacated after it has become final, in the absence of fraud, coercion, or other grounds on which ordinary judgments may be modified or set aside." *Robinson* v. *Robinson*, 130 Vt. 558, 561, 298 A.2d 556, 558 (1972). Defendant voluntarily agreed to the modification, and we find no showing of fraud, coercion or

mutual mistake with regard to the stipulation. Therefore, we hold that the court properly denied defendant's motions to modify or set aside the amended judgment order.

■ Defendant next argues that the trial court improperly ruled upon appellant's motions to set aside and modify the amended order without first scheduling the matter for hearing. Vermont Rule of Civil Procedure 78(b)(2) states that "[u]nless otherwise required by these rules . . . the court may decline to hear oral argument and may dispose of the motion without hearing or argument."

In this case, defendant moved under V.R.C.P. 60(b) to have the judgment order set aside. Generally, a hearing should precede a decision on a motion to set aside a judgment order. *West* v. *West*, 139 Vt. 334, 335, 428 A.2d 1116, 1117 (1981). We have held, however, that the court may deny a motion filed pursuant to this rule without a hearing when it finds the motion totally lacking in merit. *A.M. Varityper* v. *Rabbo*, 146 Vt. 471, 474, 505 A.2d 671, 673 (1986).

■ In addition, we have held that, where more than one motion is made, and they involve similar issues, where "it appears on the record that a full evidentiary hearing was held on disputed issues at the time of [one motion's] hearing, we will not require that a second, separate hearing be held." *Cliche* v. *Cliche*, 143 Vt. 301, 307, 466 A.2d 314, 317 (1983).

In this case, a full evidentiary hearing was held on defendant's motion for an order of approval. To prevail on this motion, defendant was required to show that there was a reasonable likelihood she would succeed on the merits. V.R.C.P. 4.1(b). Consequently, during the hearing substantial evidence was presented which was also applicable to the merits of the motions to modify and set aside the amended judgment.

Because the court heard evidence on the merits of the motions, and the motions were found to be totally lacking in merit, the trial court properly denied defendant's motions to modify and set aside without a separate hearing.

Finally, defendant argues that her motion for an order of approval for a writ of attachment was improperly denied. Pursuant to V.R.C.P. 4.1(b) an order of approval for a writ of attachment may be issued upon motion, if the court finds that "there is a reasonable likelihood that the plaintiff will recover judgment . . . in an amount equal to or greater than the amount of the attach-

ment." Because we find here that the trial court properly determined that no grounds existed to modify or set aside the amended judgment order, the court's denial of defendant's order of approval was proper.

*Affirmed.*