Robert ALTMAN v. Jonathan ALTMAN, Carol S. Berry and Putney Pasta Co., Inc.

[730 A.2d 583]

No. 96-485

March 5, 1999. Plaintiff Robert Altman appeals from a superior court order denying his V.R.C.P. 60(b) motion to set aside an earlier judgment dismissing his complaint against defendants Jonathan Altman, Carol S. Berry, and Putney Pasta Company. Plaintiff contends the court erred in: (1) failing to hold an evidentiary hearing; and (2) denying the motion. We affirm.

The material facts are largely undisputed. Plaintiff, a resident of New York City, is the father of defendant Jonathan Altman. Jonathan Altman is married to defendant Carol S. Berry, and both are officers of defendant Putney Pasta Company. In June 1994, plaintiff filed a complaint against defendants, seeking a declaration as to the ownership of stock in the defendant corporation, an accounting of monies loaned to the corporation, and repayment of loans to defendant Jonathan Altman. Defendants filed an answer denying liability and a counterclaim alleging that plaintiff had breached certain fiduciary duties that he owed as trustee of a testamentary trust allegedly established by plaintiff's deceased spouse. Plaintiff filed an answer denying the counterclaim, and subsequently moved to dismiss it on the ground that it was not brought against an opposing party, but rather against plaintiff in his capacity as executor and trustee. The court initially granted the motion, but subsequently reconsidered its ruling and reinstated the counterclaim.

In June 1995, plaintiff's counsel moved to withdraw. Counsel's motion stated that plaintiff had agreed to the withdrawal and intended to enter his appearance pro se. In July, plaintiff filed a notice with the court stating that, effective immediately, he had chosen to represent himself. Plaintiff listed his address on the notice as 900 Park Avenue, New York City, New York. Later that month, defendants' attorney sent plaintiff a letter at the stated address containing a proposed discovery schedule. When he did not receive a response, counsel sent plaintiff another letter in August concerning the proposed schedule. Failing again to receive a response, defendants' counsel requested the court to schedule a discovery conference. The court sent plaintiff a notice on

October 6 directing him to appear at a status conference on October 18. Plaintiff failed to appear at the scheduled conference. Defendants' attorney thereupon moved to dismiss plaintiff's action for failure to prosecute under V.R.C.P. 41(b)(2). The court granted the motion and, on October 31, issued an order dismissing plaintiff's action with prejudice. Notice of the dismissal was mailed to plaintiff the next day.

On November 29, 1995, plaintiff faxed a request to the superior court clerk to reinstate the action. Plaintiff stated in the request that he had attempted to settle the matter "before the 30 days that you told me I had," that his attempt had been unsuccessful, and that he was requesting a reinstatement "to play it safe." In his request, plaintiff made no mention of the October 18 hearing. Around the same time, plaintiff consulted an attorney to consider his options. In March 1996, the court, treating plaintiff's fax as a filed motion to reopen, denied the same. In July, some four months later, plaintiff, having now retained an attorney, moved to strike the October 18 dismissal order pursuant to V.R.C.P. 60(b)(1), which authorizes relief from a final judgment or order because of "mistake, inadvertence, surprise, or excusable neglect" if made within a reasonable time. Plaintiff's affidavit in support of the motion stated for the first time that he had not received actual notice of the October 18 conference and speculated that the notice had been sent to his former address at 911 Park Avenue.* Plaintiff also stated that he had not learned of the dismissal until November, that he had given "the matter considerable thought" since then, and that while he did not "relish" litigation among family members he had concluded that he wanted to have his case heard on the merits.

In opposition to the motion, defendant Carol Berry filed an affidavit stating that plaintiff had been aware of the scheduled October 18 conference, which she inferred from the fact that plaintiff had called her to discuss the litigation the day after the conference, and that he had not spoken with her for years prior to the call. She also stated that the mail carrier routinely rerouted and delivered to plaintiff any mail addressed to him at his old address.

In a detailed entry order, the court denied the motion, noting that plaintiff had the assistance of counsel in initially formulating and litigating his claim, had voluntarily determined to proceed pro se, had stated no reason for his failure to appear in his original request to reopen, and by his own admission had delayed for four months while he considered his options, before filing the 60(b) motion. Accordingly, the court ruled that the delay had been unreasonable, and that plaintiff was therefore not entitled to relief. This appeal followed.

We first note that the court's dismissal of plaintiff's lawsuit under Rule 41(b)(2) is not before this Court. It is the superior court's denial of plaintiff's 60(b) motion that we consider. See *R. Brown & Sons, Inc. v. International Harvester Corp.*, 142 Vt. 140, 142, 453 A.2d 83, 84 (1982) (propriety of judgment of dismissal for failure to comply with discovery order, which was not appealed, was not before court considering Rule 60(b) motion for relief from judgment). Because plaintiff never appealed from the court's order, we are without jurisdiction to consider the propriety of the October 18 dismissal.

Plaintiff contends the court erroneously denied the motion to set aside the dismissal order, and further erred in failing to hold an evidentiary hearing prior to its ruling. "The decision on a Rule 60(b) motion is committed to the sound discretion of the trial court and will stand on review unless the record clearly and af-

---

*Plaintiff does not contend he did not have constructive notice.

firmatively indicates that such discretion was withheld or otherwise abused." *Bingham v. Tenney*, 154 Vt. 96, 99, 573 A.2d 1185, 1186 (1990). The burden is on the party challenging the denial to demonstrate an abuse of discretion. See *id.* Although an evidentiary hearing should generally precede a decision on a 60(b) motion when facts are at issue, we have held that the court may deny a motion without a hearing when it finds the motion totally lacking in merit. See *Manosh v. Manosh*, 160 Vt. 634, 635, 648 A.2d 833, 835 (1993); *Blanchard v. Blanchard*, 149 Vt. 534, 537, 546 A.2d 1370, 1372-73 (1988).

Plaintiff argues here, as he did below, that his failure to appeal the original dismissal order, his additional failure to appeal the court's March denial of his request to reopen, and his dilatory 60(b) motion months later should be excused because of his pro se status. The trial court was unpersuaded, noting that plaintiff had been previously represented by counsel, could have retained a lawyer at any time after his attorney withdrew, and voluntarily chose instead to represent himself. See *Bingham*, 154 Vt. at 99, 573 A.2d at 1186 (Rule 60(b) will not relieve a party from its free, calculated, and deliberate choices). Furthermore, as the court also observed, plaintiff offered no basis for relief in his initial request to reopen, and intentionally delayed an additional four months after the court's ruling before filing the 60(b) motion. See *Richwagen v. Richwagen*, 153 Vt. 1, 4, 568 A.2d 419, 421 (1989) (Rule 60(b) not intended to relieve a party from tactical decisions which in retrospect were ill-advised). In the light of these circumstances, we cannot conclude that the court's broad discretion was withheld or otherwise abused. See *Bingham*, 154 Vt. at 99, 573 A.2d at 1186.

Plaintiff also contends the court erred in failing to hold an evidentiary hearing, particularly in view of the conflicting allegations in the affidavits concerning plaintiff's knowledge of the October conference. However, the court did not find that plaintiff had received such notice, nor did it base its decision on such a finding. Rather, its ruling was premised on the undisputed material facts surrounding plaintiff's dilatory efforts to seek relief from the order of dismissal. Thus, there were no material disputed facts requiring an evidentiary hearing. See *Manosh*, 160 Vt. at 635, 648 A.2d at 835.

The law favors the disposition of disputes after a hearing on the merits. *Dougherty v. Surgen*, 147 Vt. 365, 366, 518 A.2d 364, 365 (1986). Nonetheless, the law's concomitant interest in promoting the certainty and finality of judgments imposes limits on the indulgence which may be sought in relief of final orders. See *Richwagen*, 153 Vt. at 4, 568 A.2d at 421 (although relief under Rule 60(b) should be liberally granted to avoid hardship, need for certainty and finality of judgment places limits on availability of relief). The court here found the explanations offered by plaintiff for his delay in filing the Rule 60(b) motion to be unreasonable. Thus, it was within the court's discretion to deny the motion without a hearing. See *Blanchard*, 149 Vt. at 537, 546 A.2d at 1372-73 (court may deny Rule 60(b) motion without hearing when it finds motion "totally lacking in merit").

We have held that the court deciding a Rule 60(b) motion should hold a hearing where there has been a dismissal in the nature of a default or nonsuit. See *Goshy v. Morey*, 149 Vt. 93, 99, 539 A.2d 543, 546 (1987). Nevertheless, our rules plainly require that a moving party who wishes to present evidence must submit a request for a hearing with the motion or within five days thereafter, together with a statement of the evidence to be offered. See V.R.C.P. 7(b)(4) and 78(b)(2). Indeed, the Reporter's Notes to the 1990 amendments to the rules recognize that under

*Goshy* evidence as to "excusable neglect" is nearly always relevant and, therefore, "the right to an evidentiary hearing will guarantee that every motion under Rule 60(b) will result in a hearing *if requested.*" V.R.C.P. 7, Reporter's Notes — 1990 Amendment (emphasis added). In this case, however, plaintiff failed to request a hearing or to identify the evidence he hoped to offer. Accordingly, any right to a hearing was waived.

*Affirmed.*

**Dooley, J.,** dissenting. For three main reasons, I am unable to concur in the Court's decision affirming the refusal to set aside an order dismissing plaintiff's complaint. First, the order dismissing the complaint was clearly improper. On defendants' motion, the superior court scheduled a hearing on a "status conference." Nothing in the notice suggests that the conference would consider whether to dismiss plaintiff's complaint for failure to make progress, or that the consequence of nonappearance would be dismissal. When plaintiff, then proceeding pro se, failed to appear at the discovery conference, the court dismissed the complaint under V.R.C.P. 41(b)(2), apparently based on an oral motion made at the hearing. The grounds for this ultimate sanction were plaintiff's failure to appear at the status conference or to communicate with defendants' counsel.

Plaintiff had no notice that the failure to appear could result in dismissal. Failure to communicate with defendant, without more, was not grounds for dismissal. See V.R.C.P. 26(h) (when one party fails to agree to discovery schedule, opposing party may move forward with discovery under V.R.C.P. 26). Nor could this sanction be imposed for violations of the discovery rules without specific findings of bad faith or deliberate and willful disregard of court orders, and prejudice to defendants. See *John v. Medical Ctr. Hosp. of Vt.*, 136 Vt. 517, 519-20, 394 A.2d 1134,

1135 (1978). The court never made those findings; without some kind of hearing, it could not.

Nor could the court invoke Rule 41(b)(2) based on an ex parte oral motion made without notice at the hearing. Normally, motions must be in writing. See V.R.C.P. 7(b)(1). Although there is a limited exception for motions made "during a hearing or trial," the exception does not allow a party "to seek a determination on any matter other than that for which the hearing was noticed to be heard." *Simmon v. Bond*, 634 P.2d 1148, 1151 (Kan. Ct. App. 1981); see also *Mitchell v. Public Serv. Coordinated Transp.*, 13 F.R.D. 96, 97 (D.N.J. 1952) (under substantially identical federal rule, counsel may not, without notice, make oral motions in a pretrial conference); *Oler v. Supervised Estate of Huckleberry*, 504 N.E.2d 349, 351 (Ind. Ct. App. 1987) (oral motions, made in a hearing, may not seek a determination upon matter other than that for which the hearing was noticed).

Plaintiff's failure to appear at the discovery conference remains a major reason why the superior court, and this Court, have denied him relief. Even in its brief affirmance order, the majority relies upon plaintiff's failure to offer an excuse for his nonappearance. Since the order exceeded the power of the court, and could not be justified by the nonappearance, I fail to see how the reasons for the nonappearance are particularly relevant. The court should have struck the dismissal irrespective of whether plaintiff had grounds for not appearing.

Second, as we stated in *Goshy v. Morey*, 149 Vt. 93, 99, 539 A.2d 543, 547-48 (1987):

> At least where there has been a dismissal by default or in the nature of nonsuit, we hold that the court deciding the Rule 60(b) motion must hold a hearing to allow oral argument and, if necessary, the taking of evi-

dence. An exception is present where the issues have been fully argued, and evidence taken if applicable, in the ruling on the underlying dismissal or default. Where a hearing is required, the decision must state such findings and conclusions as will enable us to determine the basis for the decision and to show how the court has used its discretion.

*Goshy* involved a dismissal for failure to identify an expert witness in a medical malpractice case. Its holding is directly applicable here. The superior court held no hearing on the Rule 60(b) motions in this case. Thus, the denial of the motions violates the *Goshy* rule. If anything, the need for a hearing was much greater here, than in *Goshy*, because plaintiff was unrepresented in filing the original motion for relief from judgment and there was never a hearing at which both sides appeared.

In holding to the contrary, the Court has relied upon *Manosh v. Manosh*, 160 Vt. 634, 648 A.2d 833 (1993), and *Blanchard v. Blanchard*, 149 Vt. 534, 546 A.2d 1370 (1988). Neither of these cases involved a Rule 60(b) motion to reopen a nonsuit, and, as a result, neither is applicable here. *Goshy* announced a procedural rule for the exact circumstances present here — dismissal of a complaint as a sanction for inaction or failure to comply with a court order —, and the superior court refused to reopen without complying with the *Goshy* procedural requirement.

Third, I am not as convinced as the majority that the superior court's skepticism about plaintiff's factual assertions played no part in its decision. Plaintiff stated in an affidavit that he had not received notice of the discovery conference, probably because he had moved. Defendants filed a counter-affidavit stating why they believed he knew of the conference. In its decision, the court described these affidavits and added "the court's file includes no indication that the Postal Service returned the notice mailed to the plaintiff." The added sentence suggests that the court may have been more favorable to plaintiff's position if it believed his assertion that he did not receive notice of the hearing. If that suggestion is correct, the court resolved a factual dispute without a hearing.

We have the power to remand a case to prevent a failure of justice and do so when the circumstances warrant it. See *Courtyard Partners v. Tanner*, 157 Vt. 638, 639, 595 A.2d 287, 288 (1991). The circumstances warrant it in this case.