In Re: Edwin Towne, No. S1222-01 CnC (Katz, J., Aug. 6, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
Chittenden County, ss.:

IN RE EDWIN TOWNE

ENTRY

Petitioner requests relief through V.R.C.P. 60(b) from a denial of post-conviction relief that led to an untimely appeal that was dismissed. Petitioner filed his motion for post-conviction relief in 2001. It was denied on April 16, 2003. On June 11, 2003, his motion for reconsideration was also denied. Petitioner was sent notice of this final denial and acknowledges that he received it on June 16, 2003. On that same day, petitioner claims that he wrote and sent notice of his intent to appeal. He claims, however, that this notice was lost in the mail by federal prison authorities and never reached the court. On August 4, 2003, the Chittenden Superior Court received notice of petitioner's appeal. On August 29, 2003, the Vermont Supreme Court dismissed the appeal as untimely. On September 19, 2003, the Court re-considered the dismissal and denied it for

failure to find any indication that petitioner had filed his notice of appeal within the time allowed. On November 18, 2003, the Court denied an additional appeal by petitioner to reinstate the appeal based on a "motion for relief pursuant to any available remedy."

Petitioner now seeks to reinstate his appeal through V.R.C.P. 60(b) by having us vacate and then re-instate our original, April 16 denial. The problem is that petitioner's complaint stems from the failure to file a timely appeal. His argument is essentially that he should not be held responsible for the loss of his notice of appeal by prison officials; how ever valid or frivolous this may be, it is not the basis for granting a Rule 60 motion. Rule 60 is not a substitute for a timely appeal. Altman v. Altman, 169 Vt. 562, 564 (1999). Rule 60 does allow for relief from judgments but only for defects in the underlying judgment. 11 C. Wright, et al, Federal Practice and Procedure: Civil 2d §2851 (1995). Failure to file a timely appeal is an appellate issue covered by the rules of appellate procedure. Houston v. Lack, 487 U.S. 266, 268 (1988) (question of whether pro se prisoner filed a timely notice of appeal was an issue under Federal Rule of Appellate Procedure 4(a)). Petitioner has argued this particular issue to the Vermont Supreme Court, and it has been dismissed. Beside being outside the scope of the rule, our involvement on a Rule 60 basis would in essence become appellate review of this decision. This is something we are neither entitled nor inclined to do.

Finally, we note that even under an expansive interpretation of Rule 60, petitioner has not present any cogent reason why such a reinstatement of his appellate clock is warranted. Petitioner is a serial filer of post-conviction relief motions. By our calculations, this is the petitioner's sixth motion for post-conviction relief. We are confident that as long as pencil and paper remain available, it is far from his last. Substantively,

petitioner's current filing is no different that his previous ones.  It is waste of limited judicial resources to continue this game.  Due process requires that everyone receive an opportunity to contest and appeal, but it does not require the process to continue ad absurdum.  We find no equitable reason to expand Rule 60 under these facts and decline petitioner's invitation.

Petitioner's motion to vacate and re-enter our June 11, 2003 order is denied.

Dated at Burlington, Vermont_____, 2004.