NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2016 VT 88

No. 2015-272

| | |
|---|---|
| Kenneth Coons | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Franklin Unit, |
| | Family Division |
| | |
| Melissa Coons | June Term, 2016 |

Howard E. Van Benthuysen, J.

Nicholas L. Hadden, St. Albans, for Plaintiff-Appellee.

Stacey A. Adamski of Kolvoord, Overton & Wilson, PC, Essex Junction, for
  Defendant-Appellant.

PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.

¶ 1.  **ROBINSON, J.**  Wife seeks to set aside a stipulated final order for divorce on the ground that she entered into the agreement in reliance on an in-chambers "weather report" in which the trial judge misstated the applicable law. We affirm.

¶ 2.  The material facts are not in dispute.[1] On May 7, 2015, the parties conducted the second day of their final divorce hearing. Over the course of the hearing, testimony was elicited about the parties' assets, including husband's not-yet-vested military retirement benefit. Near

_____

[1] At the center of wife's appeal are statements made by the trial court in chambers and off the record. Although we have no formal record of the in-chambers conference, the trial court's ruling on wife's post-judgment motion contains the trial court's own account of the conference, which is generally consistent with wife's description and is not in dispute. Cf. State v. Trowell, 2015 VT 96, ¶ 16 n.4, __ Vt. __, 131 A.3d 178 (noting lack of on-the-record evidence from off-the-record discussion with court).

the end of the hearing, the trial court called a brief recess and asked counsel to meet in chambers. According to the trial court, during that in-chambers meeting it told the parties that "it would not and could not distribute [husband's] military retirement because he had not yet served the requisite number of years to vest in the system. In short, there was not yet anything to distribute because [husband] had no entitlement to the benefit." The trial court indicated that the benefits could be distributed only once they vested; because husband was ten months shy of a full twenty years of service as of the final hearing date, there was nothing to distribute.

¶ 3. Following this conference in chambers, the parties entered into an stipulation resolving all outstanding issues. With respect to property division, wife agreed to accept a lump-sum payment of $15,000 and waived any claims to husband's expected but not-yet-vested military retirement benefit. Wife affirmed on the record her satisfaction with the stipulation, and the trial court incorporated the stipulation into the final divorce decree. The court signed the final order the next day, and made the decree nisi absolute on May 7.[2]

¶ 4. On May 21, wife filed a Rule 59 motion to alter or amend the final order. See Reporter's Notes, V.R.C.P. 59 ("Rule 59(e) gives the court broad power to alter or amend a judgment on motion within ten days after entry thereof."), incorporated by V.R.F.P. 4(a)(1) (noting that Rules of Civil Procedure apply in family law context unless "otherwise provided"). The motion was predicated on wife's subsequent determination that the trial court was mistaken in asserting that the unvested military benefits could not be subject to equitable division. In support of her conclusion, she cited Golden v. Cooper-Ellis, in which we held that stock options that are deferred compensation for past and present performance must be considered marital property even though vesting occurs in the future. 2007 VT 15, ¶ 20, 181 Vt. 359, 924 A.2d 19. Wife asked the court to rescind the portion of the stipulation that waived any claim to her

---

[2] Although the court signed the order on May 8, the clerk did not enter the order into the docket until June 3, 2015.

husband's retirement benefits, but to keep intact all other portions of the parties' agreement. The trial court denied the motion. Although the court maintained its position on the merits that the unvested military pension was not marital property subject to equitable division, it ruled that wife was bound by her stipulation. The court stated that wife: "could have rejected the proposed stipulation"; had an "opportunity to argue before the [c]ourt that the benefit should be included in the property settlement"; had an attorney throughout the entire proceedings whom she could have consulted; and could have reserved the right "to litigate or appeal the issue of the unvested military pension." Since wife did "none of those things," the trial court denied the motion. Wife appealed.

¶ 5. On appeal, wife makes two arguments. First, she argues the stipulation was based on a mutual mistake of law and therefore should be set aside. Second, she argues that her motion to amend was timely, and therefore the trial court should have reviewed the stipulation to make sure it was fair and equitable.

¶ 6. A Rule 59 motion to alter or amend the judgment may be granted "to relieve a party against the unjust operation of the record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party." Rubin v. Sterling Enters., Inc., 164 Vt. 582, 588, 674 A.2d 782, 786 (1996) (citing V.R.C.P. 59(e)). Such a motion "is addressed to the sound discretion of the trial court, and that court's ruling is not reversible unless it constitutes a manifest abuse of discretion." Chelsea Ltd. P'ship v. Town of Chelsea, 142 Vt. 538, 540, 458 A.2d 1096, 1098 (1983).

¶ 7. As a starting point, we have recognized that where parties enter into a binding final stipulation, they forfeit the ability to challenge rulings of the court that preceded that stipulation. See Willey v. Willey, 2006 VT 106, ¶ 23, 180 Vt. 421, 912 A.2d 441 (declining to consider husband's challenge to court's pretrial ruling concerning effect of prenuptial agreement where parties subsequently entered into binding stipulation resolving financial issues).

3

¶ 8.     Wife first contends that this general rule does not apply because the parties' stipulation was based on a mutual mistake.

¶ 9.     We have recognized that divorce stipulations "may be subject to reformation on the grounds of mutual mistake." Blanchard v. Blanchard, 149 Vt. 534, 536, 546 A.2d 1370, 1372 (1988) (citing Ferris v. Ferris, 140 Vt. 12, 15, 433 A.2d 304, 306 (1981)). To be eligible for reformation on the grounds of mutual mistake, the moving party must show that the stipulation was entered into under a mutual mistake regarding a material fact, or was based on a mutually assumed state of facts that later proved to be erroneous. Ferris, 140 Vt. at 12, 433 A.2d at 306. Wife argues that the trial court's in-chambers statement concerning its view of the law established a mutual, albeit mistaken, understanding that formed a basis for the parties' settlement discussions.

¶ 10.     At least in cases in which a party is represented by counsel, a legally erroneous ruling by the trial court, whether on the record or off the record, is generally not the kind of mistake that supports setting aside a divorce stipulation. See Varveris v. Fisher, 645 N.Y.S.2d 853, 854 (N.Y. App. Div. 1996) (noting that "a mistake as to the law is insufficient grounds for vacating a stipulation" (quotation omitted)). Lawyers are charged with knowing the law. See Matter of Wines, 660 P.2d 454, 457 (Ariz. 1983) (in banc) ("We charge lawyers with knowledge of what the law requires and place them under an affirmative duty to accomplish what is required of them."). Assuming without deciding that the trial court was wrong on the law, wife's remedy was to obtain a judgment and then appeal. At a minimum, rather than entering into a stipulation after the in-chambers conference, wife could have researched the issue before stipulating. See Pinsburg State Bank v. Abundo, 2012 UT 94, ¶ 14, 296 P.3d 709 (noting stipulations are generally set aside only where there is mistake "not due to failure to exercise due diligence," and noting that where "stipulation signed by counsel and filed with the court," it is unlikely it was

4

entered into inadvertently (quotations omitted)). For these reasons, the trial court did not abuse its discretion in declining to set aside the parties' stipulation.

¶ 11. Alternatively, wife relies on our precedent in Pouech v. Pouech to argue that the court was obligated to review the parties' stipulation for fairness because she objected to it before the trial court's final order was docketed. See 2006 VT 40, ¶¶ 22, 23, 180 Vt. 1, 904 A.2d 70 (holding that "when parties have executed a stipulation in anticipation of divorce . . . but one or both of the parties challenge the stipulation before the family court has held a final hearing or incorporated the stipulation into a final divorce order," the court must consider whether the stipulation is fair and equitable, even if the challenging party fails to demonstrate grounds sufficient to overturn a contract).

¶ 12. Wife's reliance on Pouech is misplaced. Pouech's dictates are clear: if a party objects to an executed stipulation before the final hearing or before it is incorporated into the final order, the trial court may reject the stipulation, provided it has made "adequate findings as to why it has chosen to reject or accept the stipulation." Id. ¶ 22. In this case, the parties executed the stipulation at the final hearing, and it was incorporated into a final order signed by the court thereafter. The trial court stated at the conclusion of the hearing that "[t]he decree nisi is final today." The fact that the final order was not actually docketed in the superior court record until after wife filed her Rule 59 motion, does not open the door to a post-final-hearing challenge to the stipulation by wife. Pouech simply does not apply.

Affirmed.

FOR THE COURT:

_____

Associate Justice
