*Citimortgage, Inc. v. Siebold*, 300-8-11 Bncv (Barra, J., Oct. 4, 2019)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

SUPERIOR COURT
Bennington Unit

CIVIL DIVISION
Docket No. 300-8-11 Bncv

---

## Citimortgage, Inc. vs. Siebold et al

---

## ENTRY REGARDING MOTION

Count 1, Foreclosure (300-8-11 Bncv)
Count 2, Foreclosure (300-8-11 Bncv)

Title:         Motion To Alter or Amend Judgment (Motion 22)
Filer:         Robin Siebold
Attorney:      Theodore A. Parisi
Filed Date:    August 26, 2019

Response filed on 09/06/2019 by Attorney William R. Dziedzic for Plaintiff CitiMortgage, Inc.
Response filed on 09/16/2019 by Attorney Theodore A. Parisi for Defendant Wayne Siebold
        Deft's Reply

**The motion is DENIED.**

### BACKGROUND

Plaintiff filed the Complaint for foreclosure in this matter on August 18, 2011. Following default judgment, the court entered a Final Judgment and Decree of Foreclosure on August 20, 2012. The proceedings were subsequently stayed for several years after Defendant Wayne Siebold filed for bankruptcy. Litigation resumed after Plaintiff's September 26, 2016 motion to terminate the stay.

On April 6, 2018, Defendant Robin Siebold filed a motion to set aside the Final Judgment (Motion 14), in which she outlined several alleged improprieties committed by Plaintiff during its negotiations with the Defendants. These improprieties were alleged to have occurred after the Final Judgment. Ms. Siebold argued that they constituted breaches of the covenant of good faith and fair dealing. She also noted that she had expended "a sizeable" sum of money on the foreclosed property during the negotiations following the Final Judgment. She requested a hearing on her motion, which the court granted by order entered April 16, 2018.

After the confirmation of a June 17, 2013 foreclosure sale was denied, a new foreclosure sale took place on April 11, 2018, which was followed by a Motion to Confirm on April 30, 2018 (Motion 15).

A motion hearing on Ms. Siebold's motion to set aside the Final Judgment (Motion 14) was held on April 23, 2018, which Ms. Siebold and her counsel did not attend because they did not receive notice thereof. The hearing was rescheduled, and a new hearing was held on

November 28, 2018. During this hearing, instead of addressing the outstanding motions, the parties agreed that the matter should proceed through mediation. The court set the matter for mediation, which proved unsuccessful. Then, by order entered August 8, 2019, the court denied Ms. Siebold's motion to set aside the Final Judgment (Motion 14) and granted Plaintiff's Motion to Confirm the April 11, 2018 foreclosure sale (Motion 15).

The matter is now before the court on Ms. Siebold's Rule 59(e) motion for reconsideration of the August 8, 2019 order denying her motion to set aside the Final Judgment (Motion 14). Ms. Siebold renews her allegations of Plaintiff's improprieties during negotiations subsequent to the Final Judgment, and adds additional improprieties allegedly committed during mediation by Plaintiff and the mediator. She alleges that Plaintiff broke several promises made during mediation and that she incurred additional expenses in maintaining the property as mediation continued. Ms. Siebold argues that she never received a hearing on the April 6, 2018 motion to set aside the Final Judgment (Motion 14) and requests said hearing again.

DISCUSSION

As a threshold matter, although Ms. Siebold's April 6, 2018 motion to set aside the Final Judgment (Motion 14) does not identify which rule provided the relief requested, the motion can only be treated as a Rule 59(e) motion. Thus, Ms. Siebold's current motion to set aside the court's order denying her first Rule 59(e) motion is really a second Rule 59(e) motion to set aside the Final Judgment. The current motion, like the first, must be and is denied.

First, "[t]he trial court has discretion to decide a motion to reconsider and may dispose of such a motion without a hearing." *Trevor v. Icon Legacy Custom Modular Homes, LLC*, 2019 VT 54, ¶ 76 (quoting *Fed. Nat'l Mortg. Ass'n v. Johnston*, 2018 VT 51, ¶ 8); see also *Rubin v. Sterling Enterprises, Inc.*, 164 Vt. 582, 588 (1996) ("Although generally favored, hearings are not mandatory for V.R.C.P. 59 motions, particularly where the moving party has failed to show prejudice from the lack of a hearing."); V.R.C.P. 78(b)(2) (providing that in disposing of written motions, "[a]n opportunity to present evidence shall be provided, if requested, unless the court finds there to be no genuine issue as to any material fact" and that "[i]n any case, the court may decline to hear oral argument and may dispose of the motion without argument"). Thus, the court was under no obligation to grant Ms. Siebold a hearing on the first motion to set aside the judgment. Nevertheless, the court granted Ms. Siebold a hearing, which was held on November 28, 2018. Instead of pursuing her motion, Ms. Siebold opted to proceed through mediation, which the court granted. After almost a year after granting the request for mediation, and nearly seven years after the issuance of the Final Judgment, the court rightly decided Ms. Siebold's motion without further hearing.

Second, and more importantly, a Rule 59 motion "may be granted 'to relieve a party against the unjust operation of the record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party.'" *Coons v. Coons*, 2016 VT 88, ¶ 6, 202 Vt. 583 (quoting *Rubin v. Sterling Enterprises, Inc.*, 164 Vt. 582, 588 (1996)); see also *In re B.K.*, 2017 VT 105, ¶¶ 12, 13, 206 Vt. 110 (noting that "the goal of Rule 59(e) is to 'make clear that the [trial] court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment'" and that "[w]hile the trial court has broad power under Rule 59(e) to reconsider issues previously presented, the rule does not contemplate reopening the evidence or creating a new record" (quoting *In re SP Land Co., LLC*, 2011 VT 104, ¶ 19, 190 Vt. 418)). Here, in the first and current Rule 59 motions, Ms. Siebold fails to identify a mistake on the part of the court in rendering the 2012 Final Judgment. Instead, she alleged that Plaintiff committed numerous

improprieties *after* that judgment issued. In the current motion, she alleged further improprieties during mediation by Plaintiff and the mediator, which of course came after her initial motion. Ms. Siebold fails to explain how Plaintiff's and the mediator's actions, committed after the judgment, during ongoing settlement negotiations, constitutes a basis for vacating the judgment. Moreover, Ms. Siebold fails to explain how her choice to expend capital on the property after a foreclosure judgment had issued constitutes a basis for vacating that judgment. Finally, the Final Judgment was issued after default. Ms. Siebold does not challenge the default nature of the judgment, nor does she identify a reason for the default.

Under these circumstances, the court did not commit an error in issuing the 2012 Final Judgment or in denying her first motion to set aside that judgment. Accordingly, her renewed motion to set aside the judgment is DENIED.

So ordered.


_____

**David Barra**
**Superior Court Judge**


Notifications:
William R. Dziedzic (ERN 8142), Attorney for Plaintiff CitiMortgage, Inc.
Theodore A. Parisi (ERN 3331), Attorney for Defendant Robin Siebold
Theodore A. Parisi (ERN 3331), Attorney for Defendant Wayne Siebold