VERMONT SUPREME COURT                              Case No.      24-AP-303
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MARCH TERM,   2025

Zephryn Hammond* v. University of        }      APPEALED FROM:
Vermont Medical Center                   }
                                         }      Superior Court, Chittenden Unit,
                                         }      Civil Division
                                         }      CASE NO. 945-10-19 Cncv
                                                Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals a trial court order denying their motions to reopen and to amend the complaint in this wrongful-discharge case.  We affirm.

Beginning in 2002, plaintiff was employed by defendant University of Vermont Medical Center in the Histology Laboratory, which processes patient tissue samples and specimens. Defendant terminated plaintiff's employment in April 2019.  Through counsel, plaintiff filed a complaint claiming violations of the Vermont Fair Employment Practices Act.  Plaintiff alleged that defendant discriminated against them based on race and disability and retaliated against them for raising complaints of the same.  Following discovery, the civil division granted defendant's motion for summary judgment.  The court concluded that although plaintiff established a prima facie case that termination was motivated by racial discrimination or as retaliation, defendant had articulated a legitimate nondiscriminatory basis for termination—performance issues—and plaintiff had failed to show that this reason was pretextual.  The court concluded that plaintiff did not establish a prima facie case for disability discrimination.

Plaintiff appealed self-represented, and this Court affirmed.  See Hammond v. Univ. of Vt. Med. Ctr., 2023 VT 31, ¶ 22, 218 Vt. 250.  In that order, this Court recounted the facts that were undisputed for purposes of summary judgment.  A new supervisor began overseeing plaintiff's work in 2017.  In June 2018, the supervisor gave plaintiff a verbal warning regarding performance issues.  These included issues with accepting and completing tasks, maintaining professionalism, adequately communicating with colleagues regarding workflow, informing others if plaintiff needed to leave the work area, and accepting responsibility for their conduct. Id. ¶ 7.  In November 2018, the supervisor gave plaintiff a letter describing the ongoing issues with plaintiff's performance.  Id. ¶ 10.  In February 2019, the supervisor provided plaintiff with a

final written warning and terminated plaintiff's employment in April 2019. Id. ¶¶ 14-15. On appeal, plaintiff argued that some instances of poor performance occurred after the verbal warning or were inaccurate, and that an error attributed to plaintiff was another employee's fault. Plaintiff also asserted that they had reported discrimination to the supervisor prior to the verbal warning and therefore the warning was retaliatory. As to the racial-discrimination claim, this Court concluded that "plaintiff has not demonstrated weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate, nonretaliatory reasons for its action from which a jury could infer that the reasons were pretextual." Id. ¶ 34 (quotation omitted). As to the retaliation claims, this Court concluded that plaintiff had not demonstrated enough evidence to show pretext. Although plaintiff's complaints regarding racial discrimination were temporally proximate to plaintiff's termination, their first complaint to management about racial discrimination occurred in August 2019, after the verbal warning. Id. ¶ 39. This Court noted that plaintiff asserted that they complained about a coworker earlier in June 2018, but explained that there was no admissible evidence in the record to support this assertion. Id.

In April 2024, plaintiff filed motions to reopen, for relief from judgment, and to amend the complaint to assert additional claims against defendant, citing Vermont Rule of Civil Procedure 60(b)(1)-(3), (6). Among other things, plaintiff argued that there were text messages from June 2018 between plaintiff and the supervisor that plaintiff had produced during discovery that were not submitted by their attorney for purposes of summary judgment. Plaintiff claimed that these text messages demonstrated that plaintiff complained to the supervisor about racially motivated treatment prior to the verbal warning in June 2018. Plaintiff sought to have those text messages and other documents added to the record, asserting that they were newly discovered evidence. Plaintiff also alleged that the supervisor was untruthful in statements and that some documents in the summary-judgment record were incorrect. The court denied the motions, concluding that plaintiff had not provided any legal ground to reopen and amend the complaint.

In May 2024 and July 2024, plaintiff filed additional motions to reopen and amend the complaint. In July 2024, the court again denied plaintiff's motions. The court explained that the proffered documents were not "newly discovered evidence" because plaintiff failed to show that they could not have been discovered using due diligence prior to the court's summary-judgment ruling. The court also concluded that plaintiff's motion was barred by the law-of-the-case doctrine because they sought to reargue issues already decided by this Court's appellate decision, and that plaintiff had identified no legal grounds on which to amend their complaint. Later in July, plaintiff filed a substantially similar motion requesting to reopen, reconsider, and amend and requested a hearing. The civil division declined to hold a hearing, concluding that there was no legal basis to support consideration of the motion's substance. It then denied the motion on the same basis set forth in its earlier decisions. Plaintiff appeals.

On appeal, plaintiff makes several arguments that are essentially attempts to relitigate the merits of their case, detailing why plaintiff believes that summary judgment was improperly granted to defendant. We do not reach these issues in this appeal. The merits of the summary judgment order were already appealed and decided by this Court. The sole issue on appeal is the trial court's order denying plaintiff's post-judgment motions.

On that issue, plaintiff argues that the court erred in denying plaintiff's motions to reopen and amend the complaint. Rule 60(b) allows a court to relieve a party from final judgment for several reasons include "mistake, inadvertence, surprise, or excusable neglect," "newly

discovered evidence," fraud, misrepresentation or misconduct of an adverse party, or "any other reason justifying relief." V.R.C.P. 60(b)(1)-(3), (6). This Court applies a deferential standard of review on appeal from denial of a motion for relief from judgment. "A motion for relief from judgment under V.R.C.P. 60 is addressed to the discretion of the trial court, and is not subject to appellate review unless it clearly and affirmatively appears from the record that such discretion was withheld or otherwise abused." Pierce v. Vaughan, 2012 VT 5, ¶ 9, 191 Vt. 607 (mem.) (quotation omitted). "The burden is on the party challenging the denial to demonstrate an abuse of discretion." Altman v. Altman, 169 Vt. 562, 564 (1999). A court can resolve a Rule 60 motion without a hearing "when it finds the motion totally lacking in merit." Id. (quotation omitted).

As explained more fully below, the trial court acted within its discretion in denying plaintiff's motion for relief from judgment under each provision of Rule 60 plaintiff invoked. Plaintiff argued that there were factual mistakes in the summary-judgment record warranting relief under Rule 60(b)(1). "While V.R.C.P. 60(b)(1) permits relief from judgment for reasons of mistake or inadvertence, it does not operate to protect a party from tactical decisions which in retrospect may seem ill advised." Okemo Mountain, Inc. v. Okemo Trailside Condos., Inc., 139 Vt. 433, 436 (1981). The factual mistakes alleged by plaintiff concern the documents that were presented to the trial court at summary judgment. Plaintiff's counsel made a decision regarding the documents to submit in support of the opposition to summary judgment. As the trial court indicated, that tactical choice is not grounds to reopen under Rule 60(b)(1).

Plaintiff also alleges that there was newly discovered evidence warranting relief under Rule 60(b)(2). This rule is limited to "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." V.R.C.P. 60(b)(2). The "newly discovered evidence" identified by plaintiff is material produced during discovery and therefore known to plaintiff and their counsel prior to final judgment. Therefore, the court acted within its discretion in concluding that this was not new evidence and did not entitle plaintiff to relief within this part of the rule.

As to fraud under Rule 60(b)(3), plaintiff contends some of the documents in the record were tampered with or provided incomplete or incorrect information. Given that plaintiff had ample opportunity during summary judgment to raise the issue regarding authenticity or accuracy, or to produce opposing evidence, the court acted within its discretion in declining to reopen on this basis.

Finally, plaintiff argues that they are entitled to relief under Rule 60(b)(6), which is the catchall provision. Rule 60(b)(6) "may not substitute for a timely appeal or provide relief from an ill-advised tactical decision or from some other free, calculated, and deliberate choice of action." Riehle v. Tudhope, 171 Vt. 626, 627 (2000) (mem.). Plaintiff claims that there was an injustice and alleges that defendant's counsel was not truthful in indicating that plaintiff did not properly serve some documents. The trial court acted within its discretion in deciding that plaintiff had not demonstrated any manifest injustice warranting reopening the case under this provision. On appeal, plaintiff argues that the judge was bias in assessing the case. The fact that the trial judge ruled against plaintiff does not, in itself, constitute evidence of bias. See Luce v. Cushing, 2004 VT 117, ¶ 23, 177 Vt. 600 (mem.) (holding that "adverse rulings, no matter how erroneous or numerous" are not sufficient to establish prejudice (quotations omitted)). The record demonstrates that the trial court considered all four of plaintiff's post-judgment motions and acted based on the arguments presented, not on bias.

Because the trial court acted within its discretion in declining to reopen the case, there is no further action pending in the trial court and plaintiff's arguments seeking to amend the complaint are moot.

During the pendency of this appeal, plaintiff filed two motions requesting that this Court supplement the record on appeal to include the additional documents plaintiff desired to submit to the trial court if the case was reopened. Because the trial court acted within its discretion in denying the motion to reopen and did not therefore accept these filings into the record, the motion to supplement the record on appeal with the documents is denied. V.R.A.P. 10(a) (defining record on appeal).

Affirmed.

BY THE COURT:

Harold E. Eaton, Jr., Associate Justice

Karen R. Carroll, Associate Justice

William D. Cohen, Associate Justice

4